# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| JONATHAN KEARN, | )  CASE NO: 13-40057-JAR ) |
| Defendant. | ) ) |

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

On or about April 28, 2013, in the District of Kansas, the defendant,

### JONATHAN KEARN,

being the parent and having custody and control of a minor, knowingly permitted the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the defendant knew that the visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate commerce or mailed, and that visual depiction was produced or transmitted using materials that had been mailed,

shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, and such visual depiction had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, in violation of Title 18, United States Code Section 2251(b).

## COUNT 2

On or about April 28, 2013, in the District of Kansas and elsewhere, the defendant,

JONATHAN KEARN,

knowingly distributed any visual depiction using any means and facility of interstate and foreign commerce, that had been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and such visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT 3

On or about May 7, 2013, in the District of Kansas and elsewhere, the defendant,

JONATHAN KEARN,

knowingly possessed and accessed with the intent to view at least one (1) matter which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## FORFEITURE ALLEGATION

Upon conviction of the offenses alleged in Counts 1 - 3 of this Indictment, the defendant JONATHAN KEARN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property used and intended to be used to commit and to promote the commission of such offense, pursuant to and in violation of Title 18, United States Code, Sections 2253(a)(3), 2252(a)(2), and 2252(a)(4)(B).

4

                        A TRUE BILL.


DATED: <u>May 29, 2013</u>          <u>/s/Foreperson</u>
                                        FOREPERSON


<u>/s/Christine E. Kenney, #13542 for</u>
BARRY R. GRISSOM
United States Attorney
District of Kansas

(It is requested that trial of the above captioned case be held in Topeka, Kansas.)