# Attachment A

## PROPOSED INSTRUCTION NO. 1

The indictment in this case charges substantially as follows:

### COUNT 1

On or about April 28, 2013, in the District of Kansas, the defendant,

JONATHAN KEARN,

being the parent and having custody and control of a minor, knowingly permitted the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the defendant knew that the visual depiction would be transported or transmitted using a means or facility of interstate or foreign commerce or in or affecting interstate commerce or mailed, and that visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, and such visual depiction had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, in violation of Title 18 United States Code Section 2251(b).

### COUNT 2

On or about April 28, 2013, in the District of Kansas and elsewhere, the defendant,

JONATHAN KEARN,

knowingly distributed any visual depiction using any means and facility of interstate and foreign commerce, that had been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256, and such visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

## COUNT 3

On or about May 7, 2013, in the District of Kansas and elsewhere, the defendant,

JONATHAN KEARN,

knowingly possessed and accessed with the intent to view at least one (1) matter which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

### PROPOSED INSTRUCTION NO. 2

An indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against a defendant, and does not create any presumption or permit any inference of guilt. It is a mere charge or accusation – nothing more and nothing less.

### PROPOSED INSTRUCTION NO. 3

You will note that the indictment charges that the crime was committed on or about a certain date. It is not necessary that the proof establish with certainty the exact dates of the alleged crimes. It is sufficient if the evidence shows beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date alleged.

*Source: Pattern Crim. Jury Instr. 10th Cir. 1.18 (2011) (modified); United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No.18.*

### PROPOSED INSTRUCTION NO. 4

The Indictment charges certain acts in the conjunctive. For example, the defendant is charged with knowingly distributing any visual depiction that had been shipped and transported in interstate and foreign commerce." In order to prove the defendant guilty of a particular

3

offense, the United States does not need to prove that the visual depiction was shipped **and** transported in interstate **and** foreign commerce. Instead, the United States is only required to prove that the visual depiction had been shipped **or** transported in interstate **or** foreign commerce.

*Source: United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No. 13*.

## PROPOSED INSTRUCTION NO. 5

The defendant is charged in Count 1 with a violation of 18 U.S.C. § 2251(b). This statute provides in pertinent part as follows:

> Any parent, legal guardian, or person having custody or control of a minor who knowingly permits such minor to engage in, or to assist any other person to engage in, sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . if such parent, legal guardian, or person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce . . . or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce,

shall be guilty of a violation of the laws of the United States.

*Source: 18 U.S.C. § 2251(b)*.

## PROPOSED INSTRUCTION NO. 6

To find the defendant guilty of Count 1, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about the date alleged in the indictment, the victim was under the age of eighteen years;

*Second*, the defendant was a parent or person having custody or control of the victim;

*Third*, the defendant knowingly permitted the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

*Fourth*, the defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce, or the visual depiction was actually mailed or transported across state lines or in foreign commerce.

*Source:  Model Crim. Jury Instr. 9th Cir. 8.182 (2010), Model Crim. Jury Instr. 9th Cir. 8.182 (2010).*

## PROPOSED INSTRUCTION NO. 7

The defendant is charged in Count 2 with a violation of 18 U.S.C. § 2252(a)(2).  This statute provides in pertinent part as follows:

> Any person who knowingly. . . distributes any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, if the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct,

shall be guilty of a violation of the laws of the United States.

*Source:  18 U.S.C. § 2252(a)(2).*

## PROPOSED INSTRUCTION NO. 8

To find the defendant guilty of Count 2, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly distributed a visual depiction;

*Second*, such visual depiction was shipped or transported in interstate or foreign commerce by any means, including computer;

*Third*, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

*Fourth*, such visual depiction is of a minor engaged in sexually explicit conduct;

*Fifth*, the defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

*Source:  Eleventh Circuit Pattern Jury Instruction 83.2; United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No. 9.*

## PROPOSED INSTRUCTION NO. 9

The defendant is charged in Count 3 with a violation of 18 U.S.C. § 2252(a)(4)(B).  This statute provides in pertinent part as follows:

> Any person who knowingly possesses one or more books, magazines, periodicals, films, videotapes, or other matters which contain any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means, including by computer, if
> (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> (ii) such visual depiction is of such conduct,

shall be guilty of a violation of the laws of the United States.

*Source:  18 U.S.C. § 2252(a)(4)(B).*

## PROPOSED INSTRUCTION NO. 10

To find the defendant guilty of Count 3, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly possessed one or more visual depictions of minors engaged in sexually explicit conduct;

*Second*, the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct;

*Third*, the defendant knew that such visual depiction involved the use of a minor engaging in sexually explicit conduct;

*Fourth*, the visual depiction had been either:

a) mailed, shipped or transported in interstate or foreign commerce, or

b) produced using material that had been mailed, shipped or transported in interstate or foreign commerce by computer or other means.

*Source:  United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No.11.*

## PROPOSED INSTRUCTION NO. 11
### (Definitions)

To "**distribute**" something simply means to deliver or transfer possession of it to someone else, with or without financial interest in the transaction.

"**Producing**" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "**minor**" means any person under the age of eighteen (18) years.

The term "**visual depiction**" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

"**Sexually explicit conduct**" means actual or simulated lascivious exhibition of the genitals or pubic area of any person.

Not every exposure of the genitals or pubic area constitutes a lascivious exhibition.  In determining whether a visual depiction constitutes a lascivious exhibition, you should consider such factors as: (1) the context and setting in which the genitalia or pubic area is being displayed; (2) the overall content of the material; (3) whether the focal point of the visual depiction is on the minor's genitalia or pubic area or whether there is some other focal point; (4) whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity; (5) whether the minor appears to be displayed in an unnatural pose or in inappropriate attire; (6) whether the minor is partially

7

clothed or nude; (7) whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and (8) whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

The term "**interstate or foreign commerce**" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the defendant transported the material in interstate commerce or that the defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.

Use of the internet may suffice to establish the required interstate or foreign commerce element.

"**Computer**" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The word "**possess**" means to own or to exert control over. The word "possession" can take on several different, but related, meanings.

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law also recognizes also that "possession" may be sole or joint. If one person alone has actual or constructive possession of a thing, then possession is sole. If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession" as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

*Source:  United States v. Aaron Shaffer, Case No. 04-40146-JAR, Instruction No. 11; Eleventh Circuit Pattern Jury Instructions Nos.83.1, 83.2; United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986); Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research, 527 F.3d 1045, 1054 (10th Cir.2008); United States v. Sturm, No. 09-1386, 2011 WL 6261657, at \*7 (10th Cir. Apr. 4, 2011); United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No.14; 1A Fed. Jury Prac. & Instr. § 16:05 (6th ed.).*

## PROPOSED INSTRUCTION NO. 12

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of minors engaged in that sexually explicit conduct.

The United States must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge as to the actual age of the underage person. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.

Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's perusal of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief as to the legality or illegality of the material is irrelevant.

*Source:  United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No.15.*

### PROPOSED INSTRUCTION NO. 13

Knowledge ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's knowledge from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate the defendant's state of mind at the time he is alleged to have committed the crimes charged. You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

*Source:  United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No.16.*

### PROPOSED INSTRUCTION NO. 14

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession or calling, may state an opinion as to relevant and material matter in which they profess to be expert, and may also state their reasons for the opinion.

You should consider any expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is

not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

*Source:  Pattern Crim. Jury Instr. 10th Cir. 1.17 (2011) (modified); Source:  United States v. Noxon, case no. 07-40152-RDR, Doc. 54, Instruction No.28.*