IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>         Plaintiff,             )<br>                                        )<br>vs.                                    )<br>                                        )<br>JONATHAN KEARN (01),        )<br>         Defendant.            )<br>_____ ) | Case No.  13-40057-01-DDC |

### **O R D E R**

**NOW** on this 22nd day of January, 2015, the above-entitled matter comes before the Court upon the defendant's motion for an order continuing the jury trial for about sixty (60) days (Doc. 77).  Counsel for both parties and Mr. Kearn appeared at a hearing on the motion on January 21, 2015, and the Court heard argument.

By this Order, the Court grants defendant's motion.  The Court finds that such continuance outweighs the best interest of the public and the defendant in a speedy trial, as set out in 18 U.S.C. § 3161(h)(7).  Although delay resulting from a continuance granted by the district court is not automatically excluded from the Speedy Trial Act's 70-day time limit under 18 U.S.C. § 3161(h)(1), subsection (h)(7) provides "[m]uch of the Act's flexibility," *Zedner v. United States*, 547 U.S. 489, 498 (2009), and gives district courts "discretion . . . to accommodate limited delays for case-specific needs." *Id.* at 499.  Delay granted pursuant to § 3161(h)(7) may be excluded if the district court makes the findings required by 18 U.S.C. § 3161(h)(7).  *Bloate v. United States*, 130 S. Ct. 1345, 176 L.Ed.2d 54 (2010).

Here, defendant has demonstrated that he recently received information from the government and that his expert witness has opined that he needs more time to investigate the materiality of this newly received information.  The Court finds that failing to grant additional time would deny counsel for the defendant the reasonable time necessary for effective

preparation[1] for trial.  Moreover, the Court finds that failing to grant the motion could result in a miscarriage of justice.[2]

**IT IS THEREFORE ORDERED** that Defendant's Third Motion to Continue Trial (Doc. 77) is granted.

**IT IS FURTHER ORDERED** that the trial is rescheduled for May 5, 2015, at 9:00 a.m.

**IT IS FURTHER ORDERED** that the period of delay resulting from such continuance, **January 19, 2015 to May 5, 2015,** is excludable time as provided for by the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

s/ Daniel D. Crabtree
HONORABLE DANIEL D. CRABTREE
UNITED STATES DISTRICT JUDGE

---

[1] 18 U.S.C. § 3161(h)(7)(B)(iv).

[2] The Court recognizes that 18 U.S.C. § 3161(h)(7)(B)(i) uses the word "would," and not "could," as the Court finds here.  But because the Court cannot ascertain the outcome of additional investigative work by defendant's expert, it cannot currently determine whether denying the continuance necessarily would produce a miscarriage of justice.