IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-40057-DDC |
| v. ) | |
| ) | |
| JONATHAN KEARN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**GOVERNMENT MOTION *in LIMINE*
TO RESTRICT OPINION TESTIMONY
OF DEFENSE COMPUTER EXAMINER**

The United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and Christine E. Kenney, Assistant United States Attorney for said District, moves the Court for an order restricting the opinion testimony by the defendant's witness, Andreaux Doty. In support of its objection, the government submits the following:

Pursuant to Amended Pretrial Order No. 2 (Doc. 82), the parties were ordered to make expert disclosures by April 23, 2015. The defendant has not filed a notice of expert witness, but did provide government counsel with a report

prepared by Andreux "Dreux" Doty, forensic examiner with Private Digital Investigators. The defendant also listed Mr. Doty on his witness list. (Doc. 83-1.)

Based upon Mr. Doty's examination of the discovery in this case, along with a report from a prior computer examiner hired by the defendant,[1] Mr. Doty concludes "that we are *unable to definitively show viable evidence that the Defendant, Jonathan Kearn, did, in fact, knowingly or unknowingly send the emails in question*." (Attachment A, Digital Forensics Summary Report USA vs. Jonathan Kearn) (emphasis in original).

Because Mr. Doty's report offers improper opinion testimony, would not be helpful to the determination of a fact in issue, and amounts to improper vouching or substitution of the defendant's testimony, the Court should restrict this testimony.

**Discussion**

The Federal Rules of Evidence govern the admissibility of both expert and lay witness opinions. Federal Rules of Evidence 701 permits a lay witness to offer opinion testimony, subject to three limitations: 1) the opinion must be "rationally based on the witness's perception;" 2) the opinion must be "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and 3) the

---

[1] KearnLoehrsSummary08262014. The government has not been provided with a copy of this report, and requests that it be produced at the Limine Hearing.

opinion is "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Federal Rules of Evidence 702 permits an expert witness to offer opinion testimony, subject to four limitations:

> (a) the expert's scientific, technical, or other specialized knowledge will help the tier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principals and methods to the facts of the case.

Regardless of whether Mr. Doty is being offered as an expert or a lay witness, his testimony must be helpful to the trier of fact.

"The trial judge enjoys equally broad discretion in both deciding how to assess an expert's reliability, including what procedures to utilize in making that assessment, as well as in making the ultimate determination of reliability." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999); *See also, United States v. Abdush-Shakur*, 465 F.3d 458, 466 (10th Cir. 2006) (the district court must ensure that the expert testimony is both relevant and reliable); *United States v. Velarde*, 214 F. 3d 1204, 1208-09 (10th Cir. 2000). The benchmark for exclusion is whether the proffered testimony will usurp the function of the jury or the court. *See, e.g., United States v. Arvin*, 900 F.2d 1385, 1389 (9th Cir.1990).

Relevant evidence is "evidence having a tendency to make the existence of any fact that is of consequence to the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

Expert testimony should not be admitted where "the evidence impermissibly mirrors the testimony offered by fact witnesses, or the subject matter of the expert's testimony is not beyond the ken of the average juror." *United States v. Amuso*, 21 F.3d 1251, 1263 (2nd Cir. 1994). "Rule 702 thus dictates a common-sense inquiry of whether a juror would be able to understand the evidence without specialized knowledge concerning the subject." *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991).

The jury, not an expert witness, determines the credibility of witnesses. Courts generally exclude expert opinion that reflects on another witness' credibility, regardless of whether the testimony is being offered to bolster the defense or the prosecution. *See Morris v. Burnett*, 319 F.3d 1254, 1273 (10th Cir. 2003) (expert opinion that the charge was not valid based upon how the case was investigated was tantamount to telling the jury to conclude that the victim was not telling the truth, and was properly excluded); *United States v. Charley*, 189 F.3d 1251, 1267(10th Cir. 1999) ("Most courts that have considered the issue have

concluded that expert testomy, based on the statements of the alleged victim, that sexual abuse in fact occurred is inadmissible. . .because, in such cases, the expert offering the opinion is merely vouching for the credibility of the alleged victim.")

"The credibility of witnesses is generally not an appropriate subject for expert testimony. . . . Such testimony is often excluded because it usurps a critical function of the jury and because it is not helpful to the jury, which is capable of making its own determination regarding credibility." *United States v. Call*, 129 F.3d 1402, 1406 (10th Cir. 1997). The Tenth Circuit has also upheld exclusion of expert testimony because: 1) testimony that does nothing more than vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations, and thus does not assist the trier of fact, 2) if the opinion exceeds the scope of the expert's specialized knowledge, it merely informs the jury that it should reach a particular conclusion, and 3) the testimony of impressively qualified experts on the credibility of other witnesses is prejudicial, unduly influences the jury, and should be excluded under Federal Rules of Evidence 403.[2] *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001) (citations omitted).

---

[2] Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,

> An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate his opinion; the opinion must be an *expert* opinion (that is, an opinion informed by the witness's expertise) rather than simply an opinion broached by a purported expert. Unless the expertise adds something, the expert at best is offering a gratuitous opinion, and at worst is exerting undue influence on the jury that would be subject to control under Rule 403.

*United States v. Hall*, 93 F.3d 1337, 1343 (10th Cir. 1996) (internal citation omitted; emphasis in original).

The Tenth Circuit has also excluded opinion testimony where the expert sought to suggest to the jury, at the very least by inference, that the defendant did not *knowingly* possess or distribute unlawful child pornography. The Court upheld a ruling by the Honorable Julie A. Robinson restricting the computer examiner's opinion, because, "it was precisely this issue [knowingly possessing or distributing child pornography] that was hotly contested in, and an essential element of, the crimes with which he was charged. *United States v. Shaffer*, 472 F.3d 1219, 1225 (10th Cir. 2007). The Court further held that "the Federal Rules of Evidence plainly prohibit an expert witness from stating an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting

---

confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence."

an element of the crime charged or of a defense thereto." *Id*.; Fed.R.Evid. 704(b). Those matters are for the tier of fact. *Id*.

Mr. Doty's opinion merely attempts to inform the jury of the conclusion it should reach regarding a central issue, at least as to the distribution count in this case: that someone other than the defendant emailed the child pornography images to the investigator in Australia. This testimony amounts to closing argument, and would not help the jury to understand the evidence or to determine a fact in issue.

## Conclusion

For the reasons outlined above, the government requests that the Court restrict the opinion testimony of Mr. Doty, to the extent that it offers improper opinion testimony, would not be helpful to the determination of a fact in issue, and amounts to improper vouching or substitution of the defendant's testimony.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

/s/ Christine E. Kenney
Christine E. Kenney, #13542
Assistant U.S. Attorney
444 SE Quincy, Room 290
Topeka, KS   66683
(785) 295-2850
christine.kenney@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2015, I electronically filed the foregoing motion with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Christine E. Kenney
Christine E. Kenney, #13542
Assistant United States Attorney
444 S.E. Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
christine.kenney@usdoj.gov