IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JONATHAN KEARN,

       Defendant.

Case No. 13-40057-DDC

## JURY INSTRUCTIONS

INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence, it becomes my duty to instruct you on the law that applies to this case.  In the interest of clarity, I will read the instructions to you, and each of you will have a copy of the instructions in the jury room.

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration.  It is your duty, as judges of the facts, to follow and apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.  That is, you must not substitute or follow your own notion or opinion about what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

INSTRUCTION NO. 2

The Indictment in this case charges substantially as follows:

COUNT 1

On or about April 28, 2013, in the District of Kansas, the defendant,

JONATHAN KEARN,

being the parent and having custody and control of a minor, knowingly permitted the minor to

engage in sexually explicit conduct for the purpose of producing a visual depiction of such

conduct, and the defendant knew that the visual depiction would be transported or transmitted

using a means or facility of interstate or foreign commerce or in or affecting interstate commerce

or mailed, and that visual depiction was produced or transmitted using materials that had been

mailed, shipped, or transported in or affecting interstate or foreign commerce by any means,

including by computer, and such visual depiction had actually been transported or transmitted

using any means or facility of interstate or foreign commerce or in or affecting interstate or

foreign commerce or mailed, in violation of Title 18 United States Code Section 2251(b).

COUNT 2

On or about April 28, 2013, in the District of Kansas and elsewhere, the defendant,

JONATHAN KEARN,

knowingly distributed any visual depiction using any means and facility of interstate and foreign

commerce, that had been shipped and transported in and affecting interstate and foreign

commerce, by any means including by computer, and the production of such visual depictions

involved the use of a minor engaging in sexually explicit conduct as defined in Title 18, United

States Code, Section 2256, and such visual depictions were of such conduct, in violation of Title

18, United States Code, Section 2252(a)(2).

COUNT 3

On or about May 7, 2013, in the District of Kansas and elsewhere, the defendant,

JONATHAN KEARN,

knowingly possessed and accessed with the intent to view at least one (1) matter which contained

any visual depiction that had been shipped and transported using any means and facility of

interstate and foreign commerce, including by computer, and the production of such visual

depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title

18, United States Code, Section 2256, and such visual depiction is of such conduct, in violation

of Title 18, United States Code, Section 2252(a)(4)(B).

## INSTRUCTION NO. 3

An indictment is just a formal method of accusing a defendant of a crime.  It is not evidence of any kind against a defendant, and does not create any presumption or permit any inference of guilt.  It is a mere charge or accusation—nothing more and nothing less.

INSTRUCTION NO. 4

You will note that the indictment charges that the crime was committed on or about a certain date.  It is not necessary that the proof establish with certainty the exact dates of the alleged crimes.  It is sufficient if the evidence shows beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date alleged.

INSTRUCTION NO. 5

Whenever the word "he" is used in these instructions, you may consider it as applying equally to a woman.  In like manner, the use of the singular of a word may be taken equally to mean the plural.

<u>INSTRUCTION NO. 6</u>

The Indictment charges certain acts in the conjunctive.  For example, the defendant is charged with knowingly distributing any visual depiction that had been shipped and transported in interstate and foreign commerce. In order to prove the defendant guilty of a particular offense, the United States does not need to prove that the visual depiction was shipped and transported in interstate and foreign commerce. Instead, the United States is only required to prove that the visual depiction had been shipped or transported in interstate or foreign commerce.

INSTRUCTION NO. 7

To the charges contained in the Indictment, the defendant has entered pleas of "not guilty." These pleas put in issue every element of the crimes charged and make it incumbent upon the government to prove beyond a reasonable doubt every element of the crimes charged.

## INSTRUCTION NO. 8

The law presumes a defendant to be innocent of crime. This presumption remains with him throughout the trial. Thus, a defendant, although accused, begins the trial with a clean slate, with no evidence against him and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant. The presumption of innocence alone is sufficient to acquit the defendant now on trial, unless the jurors are satisfied of the defendant's guilt beyond a reasonable doubt, from all the evidence in the case.

INSTRUCTION NO. 9

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

INSTRUCTION NO. 10

Burden of proof means burden of persuasion.  The burden is always upon the government to prove beyond a reasonable doubt every element of the crimes charged.  In determining whether or not the government has met this burden, you must consider all the evidence.

INSTRUCTION NO. 11

A separate crime is charged in each count of the Indictment.  Each count and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty of one of the crimes charged should not control your verdict for any other crime charged.  Your verdict on each count of the Indictment must be unanimous.

INSTRUCTION NO. 12

The defendant is charged in Count 1 with a violation of 18 U.S.C. § 2251(b). This law makes it a crime for a parent of a minor to knowingly permit that minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, if the parent knows or has reason to know that the visual depiction will be transported or transmitted in interstate or foreign commerce.  To find the defendant guilty of Count 1, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the date alleged in the indictment, the victim was under the age of eighteen years;

Second, the defendant was a parent or person having custody or control of the victim;

Third, the defendant knowingly permitted the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Fourth, the defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce, or the visual depiction was actually mailed or transported across state lines or in foreign commerce.

INSTRUCTION NO. 13

The defendant is charged in Count 2 with a violation of 18 U.S.C. § 2252(a)(2). This law makes it a crime for a person to knowingly distribute, in interstate or foreign commerce, a visual depiction involving a minor engaging in sexually explicit conduct.  To find the defendant guilty of Count 2, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed a visual depiction;

Second, such visual depiction was shipped or transported in interstate or foreign commerce by any means, including computer;

Third, the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Fourth, such visual depiction is of a minor engaged in sexually explicit conduct;

Fifth, the defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

INSTRUCTION NO. 14

The defendant is charged in Count 3 with a violation of 18 U.S.C. § 2252(a)(4)(B). This law makes it a crime for a person to knowingly possess any visual depiction that has been mailed, shipped, or transported in interstate or foreign commerce if the visual depiction involves a minor engaging in sexually explicit conduct and the visual depiction shows such conduct. To find the defendant guilty of Count 3, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed one or more visual depictions of minors engaged in sexually explicit conduct;

Second, the production of the visual depictions involved the use of a minor engaging in sexually explicit conduct and the visual depictions were of such conduct;

Third, the defendant knew that such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Fourth, the visual depiction had been either:

 a) mailed, shipped or transported in interstate or foreign commerce, or

 b) produced using material that had been mailed, shipped or transported in interstate or foreign commerce by computer or other means.

INSTRUCTION NO. 15

To "distribute" something simply means to deliver or transfer possession of it to someone else, with or without financial interest in the transaction.

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

The term "minor" means any person under the age of eighteen (18) years.

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

"Sexually explicit conduct" means actual or simulated lascivious exhibition of the genitals or pubic area of any person.

Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider such factors as:  (1) the context and setting in which the genitalia or pubic area is being displayed; (2) the overall content of the material; (3) whether the focal point of the visual depiction is on the minor's genitalia or pubic area or whether there is some other focal point; (4) whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity; (5) whether the minor appears to be displayed in an unnatural pose or in inappropriate attire; (6) whether the minor is partially clothed or nude; (7) whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity; and (8) whether the depiction appears to have been designed to elicit a sexual response in the viewer.  Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. It is not necessary for the Government to prove that the defendant transported the material in interstate commerce or that the defendant knew that the alleged child pornography had moved in interstate or foreign commerce, only that it had so moved.

Use of the internet may suffice to establish the required interstate or foreign commerce element.

"Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

The word "possess" means to own or to exert control over. The word "possession" can take on several different, but related, meanings.

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

You may find that the element of "possession" as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession.

INSTRUCTION NO. 16

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of minors engaged in that sexually explicit conduct.

The United States must show that the defendant had knowledge of the general nature of the contents of the material. The defendant need not have specific knowledge of the actual age of the underage person. The defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.

Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's review of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts. Furthermore, the defendant's belief about the legality or illegality of the material is irrelevant.

INSTRUCTION NO. 17

Knowledge ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer the defendant's knowledge from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate the defendant's state of mind at the time he is alleged to have committed the crimes charged. You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

INSTRUCTION NO. 18

The rules of evidence ordinarily do not permit witnesses to testify about opinions or conclusions. An exception to this rule exists for those witnesses we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession or calling, may state an opinion about relevant and material matter in which they profess to be expert, and may also state their reasons for the opinion.

You should consider any expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

INSTRUCTION NO. 19

There are two types of evidence from which a jury may properly find a defendant guilty of a crime.  One is direct evidence, such as the testimony of an eyewitness.  The other is circumstantial evidence, the proof of a chain of circumstances pointing to the commission of the offense.

The law makes no distinction between direct and circumstantial evidence but requires that, before convicting a defendant, the jury be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

INSTRUCTION NO. 20

The weight to be given the evidence is determined not by the number of witnesses or the amount of testimony produced by either side, but by the credibility of the witnesses and the nature and quality of their testimony.  The evidence of one witness who is entitled to full credit is sufficient for the proof of any fact in this case, and you would be justified in returning a verdict in accordance with such testimony even though a number of witnesses gave conflicting testimony, if, from the consideration of the whole case and the reliability and credibility of the various witnesses, you believe the one witness as opposed to the greater number of witnesses.

Always keep in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

INSTRUCTION NO. 21

Although you must consider all of the evidence, you are not required to accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider the witness's relationship to the government or to the defendant; any interest the witness may have in the outcome of the case; the witness's manner while testifying; the opportunity and ability to observe or acquire knowledge concerning the facts about which the witness testified; the witness's candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

When weighing conflicting testimony you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In addition, while you must consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

INSTRUCTION NO. 22

In considering the evidence in this case, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person.  The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  That was the promise you made and the oath you took before being accepted by the parties as jurors and they have the right to expect nothing less.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in, and the law that applies to, this case.

INSTRUCTION NO. 23

The defendant is on trial only for the acts alleged in the Indictment.  He is not on trial for any other acts or conduct.  In determining whether the defendant is guilty or not guilty, you are therefore to consider only whether the defendant has or has not committed the acts charged in this Indictment.  Even if you are of the opinion that he is guilty of some offense not charged in the Indictment, you must find the defendant not guilty if the evidence does not show beyond a reasonable doubt that the defendant committed the specific acts charged in the Indictment.

INSTRUCTION NO. 24

Evidence has been received regarding law enforcement methods and equipment used in the investigation of this case.  Likewise, evidence has been received concerning enforcement methods and equipment which were not used in relation to the investigation.

You may consider this evidence for the purpose of evaluating the weight of the evidence produced by the government and the credibility of law enforcement personnel involved in the investigation.  However, there is no legal requirement that the government, through its enforcement agents, must use all known or available crime detection methods or any particular type of equipment in its investigations.

INSTRUCTION NO. 25

You are instructed that the testimony offered by agents, officers or employees of the government shall not be given any greater weight or credibility by the fact alone of their office, but the credibility of such testimony should be weighed and considered on the same ground and for the same reasons that the testimony of all other witnesses is weighed and judged.

INSTRUCTION NO. 26

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

INSTRUCTION NO. 27

In criminal investigations, the government may utilize informants, and may employ various undercover strategies involving artifice and trickery in order to gain the confidence of a suspect and to ferret out criminal activity.

INSTRUCTION NO. 28

Certain summaries have been shown to you to help explain the evidence in this case.

Their only purpose is to help explain the evidence.  These summaries are not evidence or proof

of any facts.

## INSTRUCTION NO. 29

The defendant has offered himself as a witness and has testified from the witness stand. Having done so, you are to determine the credibility of the defendant in the same way as you would consider the testimony of any other witness who testified.

INSTRUCTION NO. 30

Statements, arguments, and comments of counsel are not evidence.  The evidence consists of the sworn testimony of the witnesses and all exhibits received in evidence.

Any evidence on which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.  Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

INSTRUCTION NO. 31

During the trial I passed upon objections to the admission of certain testimony or exhibits into evidence.  Questions relating to the admissibility of evidence are solely questions of law for the court, and you must not concern yourselves with the reasons for my rulings.  In your consideration of the case, you must draw no inference from these rulings and you must consider only the evidence which I admitted.

Neither in these instructions, nor in any ruling, action or remark that I have made during the course of this trial, have I intended to interpose any opinion or suggestion about how I would resolve any of the issues of this case.  If I have made any remark that you believe indicates how I would decide this case, I instruct you to disregard such remark.

INSTRUCTION NO. 32

The punishment provided by law for the crimes charged is a matter exclusively within the province of the court and may not be considered by the jury in any way in deciding whether the defendant is guilty or not guilty of the crimes charged.

INSTRUCTION NO. 33

During your deliberations—that is, when all of you are together in the jury room, you are released from the admonition regarding discussion of the case.

The admonition regarding discussion remains in effect at any time when all of you are not in the jury room, or when you are away from the courthouse. The admonition against reading, listening to or watching news reports about the case, doing any sort of independent investigation or discussing the case with any third party, remains in effect at all times until such time as I release you from that admonition. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.

You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our

judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.

The alternate jurors will not be allowed to participate in deliberations but they remain bound by all aspects of the admonition.  The clerk's office will notify the alternate jurors of the verdict and, if appropriate, when they will need to return.

INSTRUCTION NO. 34

During your deliberations, you may refer, if you wish, to any notes you took during the trial.  Remember, however, that your notes are not evidence and remember, also, that it is your memories regarding the evidence, and not your notes, which control.

INSTRUCTION NO. 35

Any verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to the verdict.  In other words, your verdict must be unanimous, and it must be unanimous for each count.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction about the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

INSTRUCTION NO. 36

Upon retiring to the jury room, you should first select one of your members to act as your foreperson, who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for you to use.

You will take the verdict form to the jury room, and when you have reached unanimous agreement on your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing, signed by the foreperson and pass the note to the Deputy Clerk or the law clerk, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

INSTRUCTION NO. 37

A final suggestion by the court—not technically an instruction upon the law—may assist your deliberations.  The attitude of jurors at the outset of and during their deliberations is important.  It is seldom productive for a juror, immediately upon entering the jury room, to make an emphatic expression of his or her opinion upon the case or to announce a determination to stand for a certain verdict.  The reason is obvious:  we are all human and it is difficult to recede from a position once definitely stated, even though later convinced it is unsound.

Jurors are selected for the purpose of doing justice.  This presupposes and requires deliberation—counseling together in an effort to agree.  Have in mind at all times, therefore, that you are a deliberative body, selected to function as judges of the facts in a controversy involving the substantial rights of the parties.  You will make a definite contribution to efficient administration of justice when and if you arrive at a just and proper verdict under the evidence which has been adduced.  No one can ask more and you will not be satisfied if you do less.


Daniel D. Crabtree, United States District Judge