IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN KEARN,<br><br>    Defendant. | Case No. 13-40057-01-DDC |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Jonathan Kearn's Motion for a Judgment of Acquittal (Doc. 99).  On May 8, 2015, a jury convicted defendant on three counts:  (1) knowing production of child pornography by a parent or guardian in violation of 18 U.S.C. § 2251(b); (2) knowing distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2); and (3) knowing possession and access with intent to view child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  Defendant asks the Court for a judgment of acquittal on Count 1.  He contends that the evidence offered at trial was insufficient to support a guilty verdict on that count.  The government has filed a response in opposition to defendant's motion (Doc. 104).  Having reviewed the facts and arguments presented by the parties, the Court denies defendant's motion for the reasons explained below.

**I.      Legal Standard**

When considering a motion for judgment of acquittal under Fed. R. Crim. P. 29, a court may not weigh the evidence or assess the credibility of witnesses.  *Burks v. United States*, 437 U.S. 1, 16 (1978) (citations omitted).  Instead, it views all of the evidence in the light most favorable to the government.  *United States v. Hughes*, 191 F.3d 1317, 1321 (10th Cir. 1999)

(citation omitted).  A court must uphold a jury's guilty verdict if "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  *United States v. Haber*, 251 F.3d 881, 887 (10th Cir. 2001) (quoting *United States v. Schluneger*, 184 F.3d 1154, 1158 (10th Cir. 1999) (emphasis in original)).  A post-verdict entry of acquittal is appropriate only when "the evidence that defendant committed the crime is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt."  *United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982).

**II.     Analysis**

To obtain a conviction on Count 1 (production of child pornography by a parent or guardian), the government had to prove each of the following elements:  (1) the victim was under the age of 18 on the date of the indictment; (2) defendant was a parent or otherwise had custody of the victim; (3) defendant knowingly permitted the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (4) the visual depiction was mailed or transported across state lines or in foreign commerce.  *See* 18 U.S.C. § 2251(b).  "Sexually explicit conduct" includes a "lascivious exhibition of the genitals or pubic area."  18 U.S.C. § 2256(2)(B)(iii).  Nudity is not required for an exhibition to be lascivious.  *See United States v. Knox*, 32 F.3d 733, 745-46 (3rd Cir. 1994) (holding that a lascivious exhibition may include the fully clothed genitals or pubic area of a minor); *United States v. Helton*, 302 F. App'x 842, 846-47 (10th Cir. 2008) (agreeing with *Knox* that nudity is not necessary for exhibition of minor's genitals or pubic area to be lascivious).

Defendant argues that the evidence presented at trial was insufficient to support his conviction on Count 1.  Defendant identifies one photograph (Ex. 1-6) and two videos (Ex. 25) introduced by the government at trial that he asserts were not sexually explicit.  The photograph

(Ex. 1-6) is a close-up view of defendant's hand pushing aside his daughter's diaper to expose her genital area.  The videos (Ex. 25) focus on the exposed genital area of the same daughter while she jumps and rolls on a bed.  Defendant contends that all three images were taken to document "the child's anatomy in the event she complained of molestation" by her mother's boyfriend.  Doc. 99 at 2.  Deputy Andy Mergen of the Shawnee County Sheriff's Office testified at trial that defendant filed an unsubstantiated police report in April 2012 alleging this molestation.  Because he filed the report before the date of the offense alleged by the government in Count 1, defendant argues that a reasonable jury could not have convicted him on that count.

The Court concludes that sufficient evidence supported defendant's guilt on Count 1.  At trial, the government presented evidence that a person using the email address "chyenneandliberty@yahoo.com" sent the photograph (Ex. 1-6) and several other images of defendant's three minor daughters to Detective Sergeant Stuart Butler, an undercover investigator with the Queensland Police Service in Australia.  Detective Butler testified that he exchanged multiple emails with "chyenneandliberty@yahoo.com."  The messages introduced by the government at trial indicate that they discussed creating and sharing child pornography extensively.  During his undercover investigation, Detective Butler determined that an Apple iPhone 4s captured the images sent by "cheyenneandliberty@yahoo.com."  He also testified that he traced the IP address used to send the images of defendant's children to defendant's home in Topeka, Kansas.

Two agents with the Department of Homeland Security, Special Agent Cassidy Casner and Special Agent Craig Beebe, also testified on behalf of the government.  Both agents were present during a search of defendant's home on May 7, 2013.  Among other items, the agents

seized defendant's iPhone 4s and a video surveillance system.  The agents also seized bedding, a pink dress, and diapers that appeared in several of the images sent to Detective Butler.

Agent Beebe testified that his examination of defendant's iPhone 4s revealed that it had accessed "cheyenneandliberty@yahoo.com."  Agent Beebe also testified that the phone contained an image of defendant's daughter that Detective Butler received from "cheyenneandliberty@yahoo.com."  The image was stored in a password-protected application with other images of child pornography.  Agent Casner testified that she examined defendant's home surveillance system.  She stated that video archived on the system showed defendant using his iPhone 4s at the same time that Detective Butler received emails from "cheyenneandliberty@yahoo.com."  The surveillance video also placed defendant with his daughter shortly before Detective Butler received images of her.  The daughter was dressed in the same clothing in the surveillance video that she wore in the images received by Detective Butler.

When viewed in the light most favorable to the government, the facts permitted a rational trier of fact to find that defendant had committed the essential elements of Count 1 beyond a reasonable doubt.  Defendant's Motion for a Judgment of Acquittal (Doc. 99) is therefore denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for a Judgment of Acquittal (Doc. 99) is denied.

**IT IS SO ORDERED.**

**Dated this 25th day of June, 2015, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**