IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Topeka Docket)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-40057-DDC |
| v. | ) | |
| | ) | |
| JONATHAN KEARN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**GOVERNMENT SENTENCING MEMORANDUM**

The United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and Christine E. Kenney, Assistant United States Attorney for said District, hereby submits this memorandum in support of a sentence of 30 years imprisonment.

The Presentence Investigation Report ("PSIR") correctly calculated the Total Offense Level of 40, and the advisory guideline range of 292 to 365 months.  The statute provides for a sentence of 15 years to 30 years.  A sentence of 30 years would accomplish the sentencing goals of 18 U.S.C. § 3553(a).

**I.     Background**

The government adopts the factual background as set forth in its response to the defendant's motion for judgment of acquittal (Doc. 104), and the offense conduct set forth in the PSIR.

**II.     Advisory Guideline Range**

A sentencing Court should first correctly calculate the applicable guidelines range, then consider all of the factors under 18 U.S.C. § 3553(a) to determine whether they support the sentence requested by a party.  Although the Court may not presume that a sentence within the guideline range is reasonable, the guidelines should be the starting point.  *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).  In the ordinary case, a sentence within the guideline range will "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."  *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007).

There has been a debate in the courts regarding the deference owed to U.S.S.G. § 2G2.2, the applicable guideline for distribution and possession of child pornography.  Some of that debate has centered around the February 27, 2013 Sentencing Commission, "Report to Congress: Federal Child Pornography Offenses," which examines federal sentencing policy in child pornography cases, focusing primarily on non-production offenses under U.S.S.G. § 2G2.2.  The Report can be found online at:  Report to the Congress: Federal Child Pornography Offenses | United States Sentencing Commission.  The Report confirms the extreme and multifaceted damage caused by child pornography.  The Report does not render § 2G2.2 invalid or illegitimate.  *See United States v. Cubero*, 754 F.3d 888, 900 (11th Cir. 2014) ("[w]hile a district court may certainly consider the 2013 report in choosing the ultimate sentence, the report does not invalidate § 2G2.2."), *citing United States v. Snipes,* 611 F.3d 855, 870 (11th Cir. 2010) ("[T]he absence of empirical evidence is not an independent ground that compels the invalidation of a guideline.").

2

In the instant case, this Court must first determine whether the PSIR correctly calculates the total offense level and advisory guideline range.  Because there are no objections to the PSIR, the Court should find the guidelines calculations are accurate.

**III.    Sentence to be imposed in the instant case**

As to the sentence to be imposed, a sentence at the statutory maximum would be sufficient, but not greater than necessary, to satisfy the § 3553 factors.  In imposing such a sentence, the Court must look to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment in the most effective manner.  A sentence of 30 years would accomplish these goals.

The details of the nature and circumstances of the offense were fully discussed during the testimony presented at trial.  Simply put, the defendant began an on-line relationship with a person he believed to be interested in sexually abusing children.  This person, as far as the defendant knew, had insinuated himself into a relationship with a woman for the sole purpose of having access to her 12 and 14 year old girls.  As far as the defendant knew, this person was sexually abusing both these girls, and was sexually aroused thinking about the defendant's children.  Knowing all this, the defendant sent this individual sexually explicit images of his youngest daughter.  Fortunately, this person was actually an undercover officer attempting to identify contact sex offenders.  But for the fact that the defendant happened upon an undercover officer instead of an actual pedophile, the images of his youngest daughter would be permanently

3

out on the internet with the likelihood they would be shared with hundreds, if not thousands, of individuals.

The Court also must consider the nature and characteristics of the defendant.  Although the defendant has no criminal history, the Court should consider the defendant's attempts to throw blame for his conduct on a third party.  During his testimony, the defendant suggested that another individual was responsible for sending the emails to Det. Sgt. Butler.  The defendant fabricated a defense based around a disgruntled former employee who had a falling out with the defendant months before the emails were sent to Det. Sgt. Butler.  The defendant attempted to explain how this former employee would have been able to access the images and use the defendant's internet service to send the images to Det. Sgt. Butler.  The defendant attempted to explain how this former employee could have altered the EXIF data on the images to match the date and approximate time of the emails.  However, the defendant admitted that he was the one who took the images emailed to Det. Sgt. Butler, as well as the videos of his youngest daughter.  Further, at least one of the images emailed to Det. Sgt. Butler was found on the defendant's iPhone in a password protected application.  Clearly the defendant is not eligible for a reduction for acceptance of responsibility, but arguably the defendant's conduct rose to, or came close to, obstruction of justice under U.S.S.G. §3C1.1.  The defendant's testimony was not the product of confusion, mistake, or faulty memory, but was a calculated attempt to a create false impression on the jury and throw blame on a third party.  U.S.S.G. § 3C1.1, comment.  (n.2, n.4(B).)  This fact should justify a sentence within the guideline range, but at the higher rather than the lower end.

It goes without saying that the defendant's crime is serious, and the harm caused to the victim and her sisters is substantial.  A sentence of 30 years would promote respect for the law, provide just punishment to the defendant, afford adequate deterrence, and protect the public from further crimes of the defendant.

## Conclusion

The PSIR correctly calculated the total offense level and the advisory guideline range.  A sentence of 30 years falls within this range.  Such a sentence is justified under the facts of this case, and would be sufficient, but not greater than necessary to address the sentencing goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

/s/ Christine E. Kenney
Christine E. Kenney, #13542
Assistant U.S. Attorney
444 SE Quincy, Room 290
Topeka, KS   66683
(785) 295-2850
christine.kenney@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of August, 2015, I electronically filed the foregoing response with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<div style="margin-left:50%">

s/ Christine E. Kenney
Christine E. Kenney, #13542
Assistant United States Attorney
444 S.E. Quincy, Suite 290
Topeka, KS 66683
(785) 295-2850
christine.kenney@usdoj.gov

</div>