Michael E. Francis
434 SW Topeka Avenue
Topeka, Kansas 66603
Phone: 785/235-3415
Fax:    785/235-8089

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(TOPEKA DOCKET)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Case No. 13-CR-40057-DDC |
| ) | |
| JONATHAN KEARN ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the Defendant, Jonathan Kearn, by and through his counsel, Michael E. Francis, and submits this sentencing memorandum.

The Government contends that the Defendant should be sentenced to a term of thirty years in order to accomplish the goals of 18U.S.C. § 3553(a). That statute provides, in pertinent part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;
**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . .

The launching point of the statute is the goal of imposing a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of the statute.

1. **Nature and circumstances of the offense and the history and characteristics of the Defendant.**

The nature and characteristics of the offense were developed at trial.

The history of the Defendant is somewhat presented in the Presentence Investigation Report filed with the Court. The Court has been provided his family history in that report and is aware he is a forty year old male, with both parents who remain married, two siblings and four children, one of whom is depicted in the offending photos in this case.

Of note is that the Defendant's criminal history score is zero and his criminal history category is I. He has no other criminal conduct than these offenses and has no pending charges.

The Court has been provided with letters from friends and family of the Defendant which give a more personal view of the Defendant than that contained in the PSI.

"He has the biggest heart for those less fortunate than himself. Even now in prison he still is thinking of other inmates before himself." (Montgomery letter.) Ms. Beier found him to be knowledgeable, kind, thoughtful and honest in his business dealings. (Beier letter.) He is respectful and courteous. (Berry letter.) He has been known to take food to the homeless who live under the bridge, and talks and listens to them. (Keys letter.)

2. **The need for the sentence imposed—**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

There can be no question that the offenses of which Defendant is convicted are serious offenses. However, a thirty year sentence will no more promote respect for the law than would the minimum sentence of fifteen years. His non-existent criminal history shows forty years of respect for the law and a minimum sentence provides a just punishment for the offense, under these circumstances.

**(B) To afford adequate deterrence to criminal conduct.**

Based upon Defendant's lack of criminal history, a minimum sentence is a more than adequate deterrence to future criminal conduct.

**(C) To protect the public from further crimes of the defendant.**

Again, there is nothing in the record to support even a suspicion of further crimes of this defendant.

**(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

As the Court is aware from the PSI, the Defendant is a high school graduate and attained a certificate of completion in heating, ventilation and air conditioning from Washburn Technical School and ran his own HVAC business, until his incarceration at the conclusion of trial.

**Information not provided in the PSI regarding the Defendant**.

Additionally, the Court has information before it indicating Defendant's relationship with his children, not found in the PSI.

He "is an invaluable part of his kid's [sic] lives". (Montgomery letter.) Jon Kearn is a "good man and I would trust him with my children." (Beier letter.) "When he became a father, I saw how proud he was of his children. . . " (Hallauer letter.) "While Jonathan sometimes struggled to make ends

meet, he did seem to always take care of his girls, was proud of them and wanted the best for them. . ." (Wilcox letter.)

Prior to these charges, Jon Kearn had sole custody of his children, because their mother had a drug problem. As such, he took them out to explore nature, took them fishing, went to the zoo with them, did projects with them, raised a garden with them, provided pets for them, drove them to and from school, celebrated holidays, birthdays and school events with them (Parents letter.)

The letter from the mental health counselor who worked with Jon's kids made the following observations: she saw Jon's kind and thoughtful nature and the love he has for each of his daughters. . .he was a spiritual leader for his daughters and reminded them to keep their focus on God. . .he showed interest in each of his daughters as an individual and had a way to make each one feel special…a caring and nurturing father in a way I rarely see, even in my line of work. . . [his daughters] were very receptive to him. . . and very sad when the visit was over. (Johnson letter.)

Dr. Timothy Heston wrote: "Currently, with Jonathan in the penitentiary, the children are with their mother, living a house where rat droppings have been known to fall through the ceiling after the rats have soaked the ceiling drywall in the urine. . .The current situation for

Jonathan's children without his support is not a good environment to raise children."

To his children, he was their hero and he stuck faithfully with them when his marriage crumbled and "has been their rescuer on many occasions." (Parnell letter.)

**Conclusion.**

Perhaps Ms. Johnson, the therapist who counselled Jon's four daughters from the fall of 2013 through the summer of 2014, says it best when she writes:

> "I am asking for your mercy and compassion in considering Jonathan's sentence. I have observed him as a wonderful father to his daughters and cannot imagine the effect this has and will have on them for years to come. I know whatever time they will have apart from their father will not only be devastating but also detrimental to them. For the sake of his daughters and their need to have their father present in ther lives, I again ask you to consider a lesser sentence for Jonathan."

It is respectfully submitted that the imposition of a minimum sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. 355.

Respectfully submitted,

/s/Michael E. Francis
Michael E. Francis, KS No. 8783
434 SW Topeka Avenue
Topeka, Kansas 66603
Phone: 785/235-3415
Fax: 785/235-8089
Email: mfrancis26@cox.net

CERTIFICATE OF SERVICE

I, Michael E. Francis, do hereby certify that on October 8, 2015, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system which will send a notice of the electronic mailing to the following: Christine E. Kenney.

/s/Michael E. Francis
MICHAEL E. FRANCIS