```
1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
2                   TOPEKA, KANSAS


3
       UNITED STATES OF AMERICA,    )  ORIGINAL
4      ----------------- Plaintiff,)
                                    )  Case No.
5          vs.                      )  13-40057-DDC
                                    )
6      JONATHAN KEARN,              )  App. No.
       ----------------- Defendant.)  15-3121
7


8            TRANSCRIPT OF SENTENCING HEARING

9          PROCEEDINGS had before the Honorable

10     Daniel D. Crabtree, United States District

11     Court Judge, for the District of Kansas,

12     Topeka, Kansas, on the 13th day of October,

13     2015.


14
       APPEARANCES:
15
       For the Plaintiff:  Christine E. Kenney
16                         Office of the U.S. Attorney
                           290 U.S. Courthouse
17                         444 S.E. Quincy Street
                           Topeka, KS  66683
18
       For the Defendant:  Michael E. Francis
19                         Attorney at Law
                           434 S.W. Topeka Boulevard
20                         Topeka, KS  66603

21                         Jonathan Kearn
                           Defendant
22
       Court Reporter:     Sherry A. Harris, C.S.R.
23


24


25
```

```
 1                    PROCEEDINGS

 2              THE COURT:  Please be seated.  All

 3      right.  We're here on case number 13-40057

 4      and it is captioned the United States of

 5      America against Jonathan Kearn.  And so if I

 6      can begin, counsel, with your appearances,

 7      please.

 8              MS. KENNEY:  May it please the

 9      Court, the United States appears by Christine

10      Kenney, Assistant United States Attorney.

11      With me at counsel table is Special Agent

12      Cassidy Casner.

13              THE COURT:  It's Casner is the last

14      name?

15              MS. KENNEY:  Yes.

16              THE COURT:  All right.  Ms. Kenney

17      and Ms. Casner, good morning to you.

18              MR. FRANCIS:  Good morning, Your

19      Honor.  The defendant appears in person -- he

20      is in custody -- through counsel, Mike

21      Francis.

22              THE COURT:  All right.  Mr. Kearn

23      and Mr. Francis, good morning to the two of

24      you.

25              MR. FRANCIS:  Good morning.
```

1              THE COURT:  Ms. Kenney, let me begin

2      with you.  There are-- I'll just say it

3      simply.  There is at least one identifiable

4      victim and perhaps more in this story.  So

5      can you amplify for the record what the

6      government has done to provide those victims

7      of notice of this hearing?

8              MS. KENNEY:  Your Honor, typically

9      in a case where we have victims of just

10     images-- sometimes there are known victims

11     that have been identified.  There are none of

12     those in this case.  The only known victim in

13     this case is the defendant's youngest

14     daughter.  And victim notification has been

15     provided initially to her case manager and I

16     believe subsequently to her biological

17     mother.  And we have not to date received any

18     information back.

19             THE COURT:  All right.  And I take

20     it then you have no indication that the case

21     manager or the biological mother wish to

22     appear or be heard at this hearing; is that

23     correct?

24             MS. KENNEY:  That's correct.

25             THE COURT:  Let me inquire.  My

1    recollection-- and I did review the trial

2    evidence in the case.  My recollection is

3    that there was evidence taken from

4    Mr. Kearn's phone of additional victims who

5    were not members of his family.

6              MS. KENNEY:  Correct.

7              THE COURT:  And so in terms of

8    victim notification for those individuals,

9    what's the state of play on them?

10              MS. KENNEY:  We were not able to

11    identify any known victim from those images.

12    So no victim information is available to us

13    and so no victim notification has been sent

14    out.

15              THE COURT:  All right.  The gist of

16    it is that those were not identifiable

17    victims and so no notice could be given?

18              MS. KENNEY:  Correct.

19              THE COURT:  Thank you for that

20    explanation.

21              For purposes of the record and for

22    your consumption, let me identify the written

23    materials that I have received and reviewed

24    since the jury returned their verdicts in the

25    case.  I have received, obviously, the

1    presentence investigation report, document

2    106.  I have received and reviewed the

3    government's sentencing memorandum, document

4    107.  And I also have received and reviewed

5    Mr. Kearn's sentencing memorandum.  I wrote

6    that down by the wrong number and it is

7    docketed as document 113.

8              I have also received, my count is

9    10, letters about Mr. Kearn that were

10    provided with correspondence from you,

11    Mr. Francis, dated July 20th.  My normal

12    practice is to not make letters such as that

13    a part of the record in a hearing like this,

14    but I can upon request if that is your wish.

15              MR. FRANCIS:  I don't know if that's

16    necessary, Judge.  I did incorporate some of

17    the language in some of those letters into

18    the memorandum that we submitted.  I did

19    submit those to Mr. Deters at the time we

20    received the final presentence for forwarding

21    to you.  We just want to make sure that you

22    reviewed them.

23              THE COURT:  I did review them and I

24    noticed that some of them were repeated, at

25    least in part, in your sentencing memorandum.

1          But I will not, based on your position, make

2          them formally part of the record in this

3          case.

4                    I also should say that I received

5          the United States Probation Office's

6          sentencing recommendations for the case.  And

7          consistent with the practice in this

8          district, those will remain confidential and

9          are not part of the formal record for this

10         case.

11                   Mr. Kearn, let me speak to you

12         directly about today's hearing.  And the

13         obvious purpose of a sentencing hearing is to

14         decide and to impose sentence on you.  As

15         part of that, I will hear from the lawyers

16         and from you if you wish to make a statement.

17         But I do, before I get into any of that, want

18         to make sure that you have received and read

19         the presentence report.

20                   So let me start our record with this

21         to Mr. Francis.  Did you review the

22         presentence report with Mr. Kearn?

23                   MR. FRANCIS:  Yes, we did, Judge.

24                   THE COURT:  And did you have enough

25         time to do so?

1          MR. FRANCIS:  Yes, I believe we did.

2     And we submitted some recommendations for

3     changes to Mr. Deters.

4          THE COURT:  All right.  Let me just

5     make sure that the only-- well, first of all,

6     there are no objections that the Court needs

7     to rule, correct?

8          MR. FRANCIS:  Not on the presentence

9     investigation report.

10          THE COURT:  All right.  And so the

11     only remaining issue that's left in the

12     case--

13          MR. FRANCIS:  I'm sorry, Judge.

14          THE COURT:  No, that's all right.

15          MR. FRANCIS:  My client wanted to

16     know if he needed verification of his

17     graduation from Topeka High School that's

18     mentioned in there.  But I have no clue.

19     There is verification of it, Your Honor.

20          THE COURT:  Yeah.  I trust that

21     without formal documentation verifying it.

22     So, yes.

23          THE DEFENDANT:  I believe that--

24     Your Honor, if I may speak?

25          THE COURT:  You may.

1          THE DEFENDANT:  I believe that may

2     affect my classification in the Bureau of

3     Prisons, having verified education as opposed

4     to unverified education.  And also just to

5     ask your patience and Ms. Kenney's patience

6     right now.  I have not had much of an

7     opportunity to talk about what is happening

8     today as far as our sentencing because I have

9     not had any money or a job to pay Mr. Francis

10    and have asked the Court to appoint him as my

11    attorney so I could apply for funding through

12    the Criminal Justice Act.  I thought that

13    this was done quite some time ago.  I'm

14    finding out I don't think this has been done.

15          MR. FRANCIS:  Judge, I was being

16    paid by the family and they've run out of

17    money.  And I was going to file a motion and

18    ask the Court if it could appoint me to

19    represent Mr. Kearn in further proceedings.

20    He did fill out an affidavit when I saw him,

21    I think the time before last.  And then I

22    think Mr. Kearn had an idea that if that

23    occurred he would like to invite the Court to

24    see if they could fund a way that he could

25    get a mitigation specialist to assist in the

1          sentencing process.

2                    THE COURT:  Ms. Kenney, do you want

3          to weigh in on this?

4                    MS. KENNEY:  I do, Your Honor.

5          Mr. Francis did share with me right before

6          this morning's docket began that it was the

7          defendant's request to try to get the CJA

8          funds to pay for a sentencing mitigation

9          expert.  That's the first I've heard of it.

10         Other than when the case was-- when the

11         sentencing hearing was continued the last

12         time to today's date, the reason for that was

13         because the defendant wanted to explore

14         getting a sentencing mitigation expert.

15                    I don't think I filed a formal

16         objection.  I think I just noted-- notified

17         the Court that I object-- or Mr. Francis

18         notified the Court that I had an objection to

19         that continuance.  I have an objection to any

20         further continuance on that basis.  I still

21         am not clear what the objective of a

22         sentencing mitigation expert is.

23                    This Court has heard the jury trial

24         in the case so you are more familiar with the

25         facts of this case than you are on many cases

1     in which you have sentenced.  The presentence

2     investigation report was thorough and it was

3     conducted by a probation officer who not only

4     has been doing this for some time but is also

5     now a supervisory probation officer.  So in

6     terms of 3553 factors that this Court would

7     consider, it's not clear to the government

8     what additional information there would be.

9                In terms of whether or not

10    Mr. Francis is appointed, it appears that

11    his-- the fact that he has not been paid did

12    not interfere with his intention-- or whether

13    or not there's money to pay him going

14    forward, I don't know exactly what the

15    situation is, but it appeared it did not

16    interfere with his intention to be present

17    today regardless of whether he's been paid or

18    what funds he's been paid from.

19                So if this is a request for a

20    continuance, Your Honor, then the government

21    objects.  And if it's a request for whether

22    or not Mr. Francis is appointed as opposed to

23    retained, the government doesn't really have

24    a position in that.  And I don't know if the

25    Court has a specific question that I did not

1          respond to.

2                    THE COURT:  I don't.

3                    MS. KENNEY:  Okay.

4                    THE COURT:  Mr. Francis, I do

5          remember that Mr. Kearn requested a

6          postponement of this sentencing hearing--

7                    MR. FRANCIS:  That's right.

8                    THE COURT:  --so that he could

9          explore the possibility of hiring someone to

10         weigh in at sentencing.  And I granted him--

11         I don't remember the length of the extension.

12         It was on the order of, I think, 60 days or

13         30 days.

14                   MR. FRANCIS:  That's correct, Judge.

15                   THE COURT:  And then nothing came of

16         it and so I proceeded to prepare for today's

17         hearing.  I'm trying to understand what

18         anyone could do on this issue that's left to

19         decide that you haven't done.

20                   MR. FRANCIS:  Well, I can tell you--

21         let me back up a little bit.  I did make a

22         contact.  There's a national association of

23         sentencing mitigation and I can't think what

24         the name of it is.  I did send a request in

25         there.  I got some responses back from a few

1          people that were busy.  One of them gave me a

2          price that was well out of what was available

3          because I was-- about the same time all that

4          arose there was no more money to pay me.  I

5          can't leave my client high and dry without

6          counsel and of course I'd be here today to

7          represent his interest.

8                    But in light of the serious nature

9          of the offense and the serious penalty that

10         accompanies it, I thought it best to try not

11         to leave any stone unturned that we might be

12         able to give to you and to counsel to assist

13         in coming to what would be a fair and just

14         sentence for my client.  And that's why I

15         find myself in the position I'm in here

16         today.

17                   I don't know what a sentencing

18         mitigation specialist can do to add to what

19         you don't already have, but I didn't want to

20         take the chance that there might be something

21         there that I'm just not seeing that might be

22         beneficial to my client and that's why we

23         raised this.

24                   THE COURT:  Mr. Kearn, did you want

25         to say anything else on this subject?

1          THE DEFENDANT:  Your Honor, we are--

2     if we do move forward with sentencing, I'll

3     just have to speak from my heart.  I don't

4     have anything prepared to say.  I think some

5     of the-- there's some difficulty in me

6     addressing the Court.  I am respectful of the

7     Court, I'm thankful to Ms. Kenney, et cetera,

8     but I have-- I feel like I need assistance in

9     addressing the Court in my situation and I do

10     feel that my situation is not a normal-- I

11     don't believe that-- I need help addressing

12     the Court from-- from my-- from my-- I don't

13     know what else to say, Your Honor.

14          That's why I've asked for a

15     mitigation specialist or some specialist to

16     help me in what ended up being today.  And I

17     really did think that the funds-- or that my

18     attorney was going to be appointed long

19     before now so that this process could be

20     already on the roll.  It's not.  So I'm kind

21     of-- I am detained.  I'm not in a great

22     place.  And so I'm not going anywhere.

23          I do not want to waste anyone's time

24     today either.  But I feel like if-- Michael--

25     Mr. Francis said if I can get some assistance

1      in addressing the Court, then that would be

2      appreciated.  If that takes additional time,

3      you know, hopefully we could come back and do

4      this all at once at that point in time.

5            THE COURT:  Well, Mr. Kearn, I

6      certainly can continue this hearing.  This

7      has to come to an end at some point.

8            THE DEFENDANT:  I understand.

9            THE COURT:  And I know you know

10     that.  I know-- I mean, even if you qualify

11     for appointed counsel, I can't promise you

12     who that counsel is going to be or that it

13     will be someone that you view as a mitigation

14     specialist.  I'm not sure, honestly, what

15     that means, particularly in the context of a

16     case that was tried and where the sentencing

17     guidelines result in a pretty clear advisory

18     recommendation.

19           You've had the benefit of able

20     counsel throughout this matter and so I don't

21     want to mislead you to think there's some

22     magic wand out there that will change the

23     organic facts, kind of the immutable facts

24     that really drive this sentencing decision.

25           THE DEFENDANT:  Okay.  I'm not under

15

1      any mystery.  I don't believe that-- that at

2      all.  I do understand where I'm at today

3      entirely and what the facts of the case are.

4              THE COURT:  Ms. Kenney--

5              Thank you.

6              Ms. Kenney, where is Special Agent

7      Casner?  Where is her duty station?

8              MS. KENNEY:  Kansas City, Missouri,

9      Your Honor.

10             THE COURT:  Well, I have worked on

11     this sentencing probably as much as any

12     other.  I can't say more than any other but

13     as much as any other because it's obviously a

14     substantial decision in several people's

15     lives.  And I do want to get a sentence

16     imposed that is consistent with the purposes

17     of sentencing that are identified by Congress

18     in the federal statute.

19             Having said that, I think it's

20     important for participants in the process to

21     believe they've had access to justice.  And

22     so I'm going to continue this hearing, but

23     only for 30 days.  Because this process does

24     have to come to an end, Mr. Kearn.  I had

25     hoped that the continuance that was granted

1          earlier would enable you to do whatever you

2          wanted to do.  But this additional 30 days I

3          think will be more than enough and probably

4          double.  Because I am-- I'll just say I don't

5          want to prejudge something that I haven't

6          heard, but I'm not confident that there is a

7          wizard out there that can change the

8          fundamentally established facts that drive

9          this sentencing decision.  So I'm going to

10         continue the hearing, but only for 30 days.

11                  I'm going to ask Ms. Garrett to

12         follow up on the appointment of counsel

13         issue, Mr. Francis.  I don't know where that

14         will come out.  Are you currently a member of

15         the panel?

16                  MR. FRANCIS:  I'm not, Judge.  I got

17         an appointment on the-- there was a drug case

18         a few years ago where they had so many

19         defendants they ran out of counsel and Judge

20         Rogers appointed me on the case in that

21         respect.  But I'm not on the panel.

22                  THE COURT:  Well, I don't know how

23         that will turn out.

24                  Mr. Kearn, I take it you have family

25         and friends who are assembled for the hearing

1    today.  But you still want me to postpone

2    this to give you that opportunity; is that

3    true?

4              THE DEFENDANT:  Your Honor, I-- I

5    just-- I'm sorry.

6              THE COURT:  You don't need to stand.

7              THE DEFENDANT:  I-- I can just talk

8    from my heart and we can go from there.  I

9    believe that there's a lot of-- there's--

10   there's a lot involved in today for myself

11   and my children.

12             THE COURT:  Well, here's the thing,

13   Mr. Kearn.  I'm very careful about the idea

14   of you talking from your heart because I

15   believe you filed a notice of appeal.  There

16   are obviously legal rights at stake that I

17   don't want you to compromise by speaking from

18   your heart.  So I'm going to postpone this.

19             Mr. Francis, I'm not suggesting that

20   you haven't, but whatever happens 30 days

21   from now, whether new counsel is appointed,

22   whether you're appointed, I am going to

23   direct you to confer very directly and

24   explicitly with Mr. Kearn about his

25   statement, if any, he makes during this

1          hearing, given his-- the possibility that

2          he'll appeal.

3                    Let me give you a new date for this

4          hearing and make sure that that works.

5                    MR. FRANCIS:  Judge, I'm wondering

6          whether-- shall I file a formal motion to

7          withdraw at this time or--

8                    THE COURT:  I've never had this

9          situation.  I don't know the answer.

10                   MR. FRANCIS:  I never have either.

11                   THE COURT:  I think you do need to,

12         but I've never been down this particular

13         road.  So why don't you file that today and I

14         will-- we'll be in touch with Ms. Shaneyfelt,

15         who really leads this process on who is

16         appointed, and we'll make a quick judgment.

17         Do you have-- has the affidavit been prepared

18         by Mr. Kearn?

19                   MR. FRANCIS:  It's been prepared,

20         Judge.  It has not been filed.  And I can do

21         that today also.

22                   THE COURT:  He has signed it though?

23                   MR. FRANCIS:  Yes, he has.

24                   THE COURT:  Well, why don't you file

25         that just as quickly as you can and file your

1          motion to withdraw and we'll make a quick

2          determination on his-- whether he qualifies

3          for appointed counsel.

4                    MR. FRANCIS:  Well, I will also

5          include in the motion to withdraw that I'm

6          willing to accept an appointment if the Court

7          sees fit.

8                    THE COURT:  All right.  Let me give

9          you a new date.  How about November 16th?

10                   MR. FRANCIS:  All right, sir.

11                   THE COURT:  At 1:30.

12                   Ms. Kenney, is that available to

13         you?

14                   MS. KENNEY:  That should work, Your

15         Honor.  If I find out--

16                   THE COURT:  Let me make sure.  Let

17         me give you a moment to interact with your

18         agent because I have-- I want to be as fair

19         about this delay as I can.

20                   MS. KENNEY:  I appreciate that.  And

21         we had talked briefly.  If Agent Casner finds

22         out she has a conflict, she'll let me know

23         immediately.  But I think right now that date

24         works for both of us.

25                   THE COURT:  And if she has a

1    conflict, we will adjust accordingly.

2    Because, Mr. Kearn, we're giving you the

3    benefit of the doubt here and so I'm going to

4    give the government some leeway as well on

5    their schedule in front.

6              MS. KENNEY:  Thank you, Your Honor.

7              THE COURT:  Mr. Francis, is that

8    date available to you?

9              MR. FRANCIS:  Yes, it is.

10             THE COURT:  All right.  We'll

11   continue it until that time.  I'm not sure---

12   I'll be candid with you.  I'm not sure that

13   it's necessary here, but I do want to give

14   you, Mr. Kearn, one last opportunity to

15   explore whatever avenue you think might be

16   germane to this decision.  All right?

17             MR. FRANCIS:  Thank you, Judge.

18             THE COURT:  All right.  We'll

19   continue the hearing-- the sentencing hearing

20   at this time.  Anything else that we need to

21   talk about while we're together?

22             MS. KENNEY:  No, Your Honor.

23             MR. FRANCIS:  No, sir.

24             THE COURT:  All right.  Thank you

25   very much for your appearances.

```
 1        UNITED STATES OF AMERICA  )
                                    )     ss:
 2        DISTRICT OF KANSAS        )

 3

 4                 C E R T I F I C A T E

 5

 6        I, Sherry A. Harris, Certified Shorthand

 7   Reporter in and for the State of Kansas, do

 8   hereby certify that I was present at and

 9   reported in machine shorthand the proceedings

10   had the 13th day of October, 2015, in the

11   above-mentioned court; that the foregoing

12   transcript is a true, correct, and complete

13   transcript of the requested proceedings.

14        I further certify that I am not attorney

15   for, nor employed by, nor related to any of

16   the parties or attorneys in this action, nor

17   financially interested in the action.

18        IN WITNESS WHEREOF, I have hereunto set

19   my hand and official seal at Topeka, Kansas,

20   this 26th day of May, 2016.

21

22                      /s/ Sherry A. Harris
                        Certified Shorthand Reporter
23

24

25
```