1

```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
                       TOPEKA, KANSAS


     UNITED STATES OF AMERICA,     ) ORIGINAL
     ------------------ Plaintiff,)
                                   ) Case No.
          vs.                      ) 13-40057-DDC
                                   )
     JONATHAN KEARN,               ) App. No.
     ------------------ Defendant.) 15-3121


             TRANSCRIPT OF MOTIONS HEARING
           (MOTION TO WITHDRAW, DOCUMENT 114)


         PROCEEDINGS had before the Honorable

     Daniel D. Crabtree, United States District

     Court Judge, for the District of Kansas,

     Topeka, Kansas, on the 21st day of October,

     2015.


     APPEARANCES:

     For the Plaintiff:   Christine E. Kenney
                          Office of the U.S. Attorney
                          290 U.S. Courthouse
                          444 S.E. Quincy Street
                          Topeka, KS  66683

     For the Defendant:   Michael E. Francis
                          Attorney at Law
                          434 S.W. Topeka Boulevard
                          Topeka, KS  66603

                          Jonathan Kearn
                          Defendant

     Court Reporter:      Sherry A. Harris, C.S.R.
```

|     |                                                         |
| --- | ------------------------------------------------------- |
| 1   | PROCEEDINGS                                             |
| 2   | THE COURT:  Good morning, everyone.                     |
| 3   | Please be seated.  All right.  We're here in            |
| 4   | case number 13-40057, which is captioned the            |
| 5   | United States of America against Jonathan               |
| 6   | Kearn.  Let me begin with your appearances,             |
| 7   | please.                                                 |
| 8   | MS. KENNEY:  May it please the                          |
| 9   | Court, the United States appears by Christine           |
| 10  | Kenney, Assistant United States Attorney.               |
| 11  | THE COURT:  Good afternoon,                             |
| 12  | Ms. Kenney.                                             |
| 13  | MR. FRANCIS:  The defense appears in                    |
| 14  | person and in custody also through counsel,             |
| 15  | Mike Francis, Your Honor.                               |
| 16  | THE COURT:  All right.  Mr. Kearn                       |
| 17  | and Mr. Francis, good afternoon to you.                 |
| 18  | MR. FRANCIS:  Good afternoon.                           |
| 19  | THE COURT:  This is noticed as a                        |
| 20  | hearing on document 114, which is,                      |
| 21  | Mr. Francis, your motion to withdraw as                 |
| 22  | counsel for the defendant.  And I think the             |
| 23  | upshot-- or the background of this motion is            |
| 24  | that an issue arose during the sentencing               |
| 25  | hearing in this case and you indicated-- you            |

1     know what, instead of me paraphrasing my
2     memory of that and narrating what I recall,
3     there's nothing good that can come of that.
4     Let me just ask you to speak to the motion,
5     and then I will have some questions.
6              MR. FRANCIS:  Judge, prior to my
7     being retained by my client's family, there
8     was another lawyer that had been retained by
9     the family.  The family had run out of money.
10    And in talking to my client you'll recall, I
11    believe it was last-- I want to say it was
12    like last July or maybe even-- I believe it
13    was in July, he raised-- or we raised the
14    issue of whether or not we could get a
15    sentencing mitigation specialist on board to
16    help out.  And you graciously gave us about a
17    60-day continuance.
18             I was unable to find one that fit
19    within the budget of what the folks-- his
20    family could pay for and they ran out of
21    money with me so I had no reason to believe
22    they would have money for a mitigation
23    specialist.  So I talked it over with my
24    client and offered to withdraw as counsel if
25    they would hire maybe a public defender that

1        would open up maybe some avenues of funding
2        to have such a specialist hired.
3                 My client was amenable to that but
4        he asked if there was a way I could be
5        reappointed to represent him.  And I believe
6        he told the Court he had no objection to that
7        and actually wanted that.  I've never done
8        anything like this before in my life and so
9        I'm on new ground here.
10                THE COURT:  Well, me too.  And let
11       me be as transparent as I can.  When the
12       issue arose during the sentencing hearing, I
13       have been here long enough that I'm starting
14       to see issues for the second and third time,
15       but I hadn't seen this issue come up, and
16       certainly not this close to the end of a
17       case.
18                And I did have in the back of my
19       mind, but not with the clarity or certainty
20       that I thought I should say it, but I thought
21       the long-standing practice -- and I've since
22       confirmed that it is practiced in the
23       district -- is that once retained counsel
24       enters an appearance in the case they're sort
25       of in it through the conclusion of the case.

1    I think probably a rule you-- or a practice
2    you recognize, Mr. Francis.
3              MR. FRANCIS:  Well, unless for some
4    reason the Court would let me out, of course,
5    I'd be here to help my client--
6              THE COURT:  Yeah.
7              MR. FRANCIS:  --whether I get
8    appointed or not.
9              THE COURT:  Here's where I think the
10   gist of this is and what I think I'm willing
11   to do.
12             And, Ms. Kenney, I'm going to-- you
13   know, I know you don't have a dog in this
14   particular fight.
15             But, Mr. Francis, I think I'm
16   inclined to deny the motion to withdraw and
17   ask you to honor the entry of appearance that
18   you made in the case.  I am confident that
19   the public defender's office is not going to
20   have the budgetary authority or the ability
21   to go retain for, as an appointed counsel,
22   some sort of mitigation specialist that might
23   have a high-dollar price tag.  They certainly
24   would turn to either their own office or
25   panel counsel if-- let's say you had retired

1    from the practice that's likely what they
2    would do.
3         So I'm inclined to ask you to stay
4    in the case and deny the motion.  But I have
5    reviewed the affidavit on financial status
6    and I can imagine from Mr. Kearn's
7    perspective it might be useful for him to
8    have access to the public defender's
9    experience and expertise with the sentencing
10   issues that he presents.  And I wonder if
11   there is a reason I can't ask them to enter
12   an appearance on his behalf as cocounsel with
13   you in the case?
14        Ms. Kenney, you seem troubled by
15   that notion.
16        MS. KENNEY:  No, Your Honor, I'm
17   actually not troubled, but I'm not sure if
18   the Court's aware that the public defender's
19   office was initially appointed to represent
20   the defendant in this case and he then chose
21   to go a different direction.  So I just don't
22   know if that causes any conflicts for them or
23   not.
24        THE COURT:  I didn't know that.
25        MS. KENNEY:  The Court hasn't called

1          on me, but just from the government's
2          perspective, we certainly are not opposed to
3          Mr. Francis being appointed, if that were an
4          appropriate avenue going forward in this
5          case.  But whatever standing we have, we
6          would object to bringing in an entirely new
7          counsel at this stage of the game.  This is a
8          case that has gone on for years.  There was a
9          jury trial so there's-- you know, I would
10         anticipate that somebody would at a minimum
11         have to review the-- not only all the
12         discovery but also the trial transcript too
13         to bring in somebody that's completely new.
14                 But that's just my two cents in
15         terms of where we are and as the Court points
16         out very late in stages in this case.
17                 THE COURT:  Well, I just--
18         Mr. Francis, I think the circumstances-- you
19         don't need to stand.  That's nice of you but
20         you don't need to.  The circumstances that I
21         think led you to file the motion, the hope or
22         the possibility that counsel could be
23         appointed that has a specialty in sentencing
24         issues, I don't think that's going to happen.
25         And so with that as the background for this,

1   I think I-- given the policy concerns that
2   have led the district to establish the
3   practice of once retained counsel is in not
4   permitting a withdrawal I think have to be
5   honored here for obvious reasons.  And so I'm
6   going to deny the motion to withdraw.
7            MR. FRANCIS:  All right, sir.
8            THE COURT:  I'm not going to enter
9   an appointment order here, but I am going to
10  communicate to the federal public defender
11  that I thought about appointing them as
12  cocounsel and see whether that is a
13  possibility.  I am not willing, as I said at
14  the sentencing hearing, to postpone the
15  sentencing in the case for the kind of period
16  where someone would have to come in and
17  re-review everything you've done because then
18  we're talking four or five months' work.  And
19  I honestly don't think that's in Mr. Kearn's
20  interest.
21           MR. FRANCIS:  I can tell you, Judge,
22  that certainly wasn't the idea behind it.
23           THE COURT:  I know that.
24           MR. FRANCIS:  It was more getting
25  the expertise in not from the lawyer's

1        standpoint but from somebody else's.
2                THE COURT:  Yeah.  I do not think
3        that is likely to happen.  And so with that
4        as kind of the fulcrum that led you to file
5        the motion to withdraw, I'm going to deny it.
6        And I will communicate to the federal public
7        defender's office that this issue arose and I
8        talked plainly with you and in front of
9        Mr. Kearn on the record about what I did,
10       denied the motion to withdraw.  And I will
11       just simply say to you and Mr. Kearn if there
12       is some desire for a consultation, a second
13       opinion of sorts, then I don't know whether
14       they would be available to do that.
15               I've reviewed Mr. Kearn's financial
16       affidavit and clearly he would qualify for
17       appointed counsel but for the appearance of
18       retained counsel already in the case.
19               MR. FRANCIS:  I understand.
20               THE COURT:  Okay.  So I don't know
21       exactly where that leaves us, but the
22       sentencing hearing we reset for November
23       16th, and I will assume we're on track for
24       that.  If there is going to be an opportunity
25       for any consultation with the federal public

1          defender-- there was not a conflict in the
2          case that you're aware of?
3                    MS. KENNEY:  Not that I'm aware of,
4          Your Honor.
5                    MR. FRANCIS:  Yeah.  My
6          understanding wasn't a matter of a conflict;
7          it was just they retained Mr. Works.
8                    THE COURT:  Yeah.  Who was it that
9          preceded you?
10                   MR. FRANCIS:  Mark Works.
11                   MS. KENNEY:  Oh, that preceded you?
12                   MR. FRANCIS:  Preceded me, yeah.
13                   THE COURT:  I think that was before
14         my time.
15                   MR. FRANCIS:  I believe it was.
16                   THE COURT:  All right.  Well, so
17         I'll ask the-- we'll enter a minute entry--
18         or a text entry, actually, denying document
19         114 for the reasons stated fully on the
20         record.  I will, I guess as a precaution or
21         at least as an additional layer, communicate
22         this hearing-- about this hearing to the
23         federal public defender and ask them to
24         follow up with you or vice versa -- maybe and
25         vice versa -- in the event that Mr. Kearn

1       decides he wishes to hear from a second brain
2       on this.
3                MR. FRANCIS:  Very good.
4                THE COURT:  Mr. Kearn, do you have
5       any questions you want to ask?  I mean, you
6       may want to talk privately with Mr. Francis
7       for a moment because I don't want to put you
8       in a position where we encourage you to blurt
9       things out, but we've talked about you in
10      front of you and I'm never comfortable
11      without at least pausing to find out whether
12      there are questions you want to put to the
13      Court, either directly or through counsel.
14               (THEREUPON, Mr. Francis and the
15      defendant conferred off the record).
16               MR. FRANCIS:  I don't believe my
17      client has anything at this time.
18               THE COURT:  Very well.  Thank you
19      for coming in quickly on this, and we'll be
20      in recess on this matter.  And I will
21      communicate that over and see if anything can
22      come of it.
23               (THEREUPON, the hearing
24      concluded).
25

```
1       UNITED STATES OF AMERICA  )
                                  )     ss:
2       DISTRICT OF KANSAS        )
```

### C E R T I F I C A T E

I, Sherry A. Harris, Certified Shorthand Reporter in and for the State of Kansas, do hereby certify that I was present at and reported in machine shorthand the proceedings had the 21st day of October, 2015, in the above-mentioned court; that the foregoing transcript is a true, correct, and complete transcript of the requested proceedings.

I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys in this action, nor financially interested in the action.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal at Topeka, Kansas, this 26th day of May, 2016.

/s/ Sherry A. Harris
Certified Shorthand Reporter