## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JONATHAN KEARN,

     Defendant.

Case No. 13-40057-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Jonathan Kearn's Motion for the Appointment of Counsel (Doc. 176) and Application to Proceed without Prepayment of Fees (Doc. 177). For the reasons explained below, the court grants Mr. Kearn's Motion for the Appointment of Counsel (Doc. 176). But the court denies his Application to Proceed without Prepayment of Fees (Doc. 177).

### I.    Background

On May 29, 2013, the grand jury indicted Mr. Kearn on three charges: (1) producing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(b); (2) distributing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2); and (3) possessing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). Doc. 15. After a four-day trial in May 2015, a jury convicted Mr. Kearn on all three charges. Doc. 97. This court

---

[1] Because Mr. Kearn proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

sentenced Mr. Kearn to 292 months' imprisonment on Count 1, 240 months' imprisonment on Count 2, and 120 months' imprisonment on Count 3, all to run concurrently.  Doc. 123.  The court also ordered five years of supervised release.  *Id.*  Mr. Kearn appealed his conviction to the Tenth Circuit.  *United States v. Kearn*, 863 F.3d 1299, 1302–03 (10th Cir. 2017).  The Tenth Circuit affirmed Mr. Kearn's conviction.  *Id.* at 1313; *see also* Doc. 152-1.  Mr. Kearn petitioned for a writ of certiorari from the United States Supreme Court, which the Court denied on May 21, 2018.  Doc. 156.

On April 25, 2019, Mr. Kearn filed a Motion for Relief under 28 U.S.C. § 2255 along with 70 exhibits, asking the court to vacate his sentence based on ineffective assistance of trial counsel.  Doc. 157.  Mr. Kearn filed an amended § 2255 motion (Doc. 165) and also filed a Motion to Correct (Doc. 167), asking the court to consider his previously filed exhibits with his amended § 2255 motion.  The court granted this motion and considered Mr. Kearn's previously filed exhibits with his amended § 2255 motion.

The court considered and rejected all but one of Mr. Kearn's claims.  Doc. 173 at 22–25.  The lone surviving claim asserted that Mr. Kearn's counsel informed him that he could not plead guilty because "he would essentially be lying to the court and thus committing perjury . . . ."  Doc. 165 at 37–38.  The court concluded that—on the record currently before the court—it couldn't conclude that Mr. Kearn received constitutionally adequate representation from counsel about the government's plea offer.  Specifically, the government hadn't contested the factual basis for Mr. Kearn's claim.  So, the court concluded that this claim "may warrant" an evidentiary hearing.  Doc. 173 at 24.  But, citing logistical constraints due to the COVID-19 pandemic, the court ordered the government to submit an affidavit from Mr. Kearn's former counsel, addressing Mr. Kearn's remaining claim.  *Id.* at 24–25.  The court noted that "[a]fter all

parties have reviewed the affidavit, the court will evaluate next steps and, if an evidentiary hearing is warranted, the steps required to facilitate Mr. Kearn's travel." *Id.* at 25.

Mr. Kearn made several filings after the court's order. First, Mr. Kearn filed a "Notice of Intent under 28 U.S.C. § 2246," (Doc. 175), declaring his intent to "prepare written interrogatories and a counter affidavit" after his former counsel files his affidavit. *Id.* at 1. Second, Mr. Kearn filed a Motion for Appointment of Counsel (Doc. 176). Third, Mr. Kearn filed an Application to Proceed without Prepayment of Fees (Doc. 177).

The government then filed an affidavit from Mr. Kearn's former counsel on May 20, 2020. Doc. 178; Doc. 178-1. This affidavit contests the allegations in Mr. Kearn's § 2255 motion on the remaining ineffective assistance claim.

## II.    Legal Standard

Generally, a defendant has no right to the assistance of counsel on a collateral attack. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, the court may appoint counsel for a "financially eligible person" "seeking relief under section . . . 2255 of title 28" if "the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). But, "[i]f an evidentiary hearing is warranted, the judge *must* appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rules Governing Section 2255 Proceedings Rule 8(c) (emphasis added). Rule 8(c), the Tenth Circuit has held, requires the court to appoint counsel when it determines a hearing is necessary in a § 2255 case. *See Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 334 (10th Cir. 1994) ("If the district court determines a hearing is required [for a § 2255 case] it must appoint counsel."); *see also United States v. Lewis*, 21 F. App'x 843, 845 (10th Cir. 2001) (affirming the rationale in *Swazo*, holding "that a violation of Rule 8(c) requires automatic reversal"). Thus, if a § 2255 defendant is

"financially eligible" under § 3006A, and the court has determined a hearing is required, the court must appoint counsel for the defendant.

### III.    Discussion

In his motion, Mr. Kearn contends he "is unable to afford counsel," is having difficulty accessing the prison's law library due to the COVID-19 pandemic and related lock-down orders, and so he requests assistance of counsel to prepare "interrogatories," "discovery," and to prepare for an evidentiary hearing. Doc. 176 at 1. Mr. Kearn does not invoke his right to counsel under Rule 8(c). Nevertheless, the court liberally construes Mr. Kearn's motion as one asserting his right to have appointed counsel if the court concludes an evidentiary hearing is required. The court thus first examines whether an evidentiary hearing is warranted in light of the government's supplemental affidavit from Mr. Kearn's former counsel. Concluding that an evidentiary hearing is warranted, the court next turns to Mr. Kearn's eligibility for counsel under § 3006A. Because he meets the eligibility requirements, the court appoints counsel for Mr. Kearn as Rule 8(c) requires. Finally, the court sets a status conference to discuss a schedule for the parties to conduct limited discovery and prepare for the evidentiary hearing.

### A.  Is an evidentiary hearing required?

In its earlier Memorandum and Order (Doc. 173), the court concluded that, without further information from Mr. Kearn's former counsel, Mr. Kearn's claim that his counsel provided ineffective assistance of counsel in relation to his possible plea agreement "may warrant an evidentiary hearing." *Id.* at 24 (citing 28 U.S.C. § 2255(b)). Since, the government has supplied an affidavit from Mr. Kearn's former counsel, Mike Francis. Doc. 178-1. In his affidavit, Mr. Francis contradicts the allegations asserted in Mr. Kearn's motion. Specifically, Mr. Francis states that he has "never advised a client" that "he would commit perjury by

accepting responsibility for illegal activity he has not actually committed." *Id.* at 1. Instead, Mr. Francis testified by affidavit, his practice is to explain what the judge is likely to ask his client at a guilty plea hearing and advise, "the judge will ask if the client is pleading guilty because he is guilty." *Id.* at 2.

In short, Mr. Francis contradicts the factual assertions made by Mr. Kearn. The court concludes this dispute warrants an evidentiary hearing. 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . . ."); *United States v. Beltran-Palafox*, No. 09-40022-01-JAR, 12-4016-JAR, 2012 WL 899262, at *3 (D. Kan. Mar. 16, 2012) ("An evidentiary hearing must be held on a § 2255 motion 'unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255(b))). Mr. Kearn's motion and Mr. Francis's affidavit assert diametrically opposed facts. *Compare* Doc. 165 at 37–38 ("Based on counsel's advice, [Mr. Kearn] believed he could not plea guilty because a pretrial discussion with counsel had confirmed he would essentially be lying to the [c]ourt and thus committing perjury . . . .") *with* Doc. 178-1 at 1 (Mike Francis Aff.) (explaining he has "never advised a client" that "he could not plead guilty because he would commit perjury by accepting responsibility for illegal activity he has not actually committed").

Without "further development of the record," "[t]he files and records of the case do not 'conclusively show that [Mr. Kearn] is entitled to no relief.'" *United States v. Herring*, 935 F.3d 1102, 1111 (10th Cir. 2019) (quoting 28 U.S.C. § 2255(b)). An evidentiary hearing will allow the court to consider Mr. Kearn's factual allegations and Mr. Francis's testimony, and "any additional evidence the parties wish to present." *Id.*; *United States v. Gonzalez*, 209 F. App'x 842, 846–47 (10th Cir. 2006) ("[I]t is ultimately the role of the district court . . . to assess

credibility and weigh the evidence before it." (citing *United States v. Browning*, 252 F.3d 1153,

1157 (10th Cir. 2001))); *see also Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)

(noting that trial court decisions on credibility are entitled to deference because "only the trial

judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the

listener's understanding of and belief in what is said").  The court thus orders an evidentiary

hearing solely on the issue of whether Mr. Kearn's trial counsel provided effective assistance of

counsel when he advised Mr. Kearn about his available plea offers.

### B.  Is Mr. Kearn financially eligible for appointed counsel?

Because the court has determined an evidentiary hearing is necessary, Mr. Kearn has a

right to appointed counsel for that hearing if he "qualifies to have counsel appointed under 18

U.S.C. § 3006A."  Rule 8(c).  Section 3006A(b) provides that "the court, if satisfied after

appropriate inquiry that the person is financially unable to obtain counsel, shall appoint counsel

to represent him."  *Id.* § 3006A(b).  Mr. Kearn has supplied a financial affidavit supporting his

request to proceed In Forma Pauperis.  Doc. 177.[2]  The court has reviewed Mr. Kearn's records

and concludes he is financially eligible for appointed counsel under § 3006A.  Thus, the court

grants Mr. Kearn's Motion for Appointment of Counsel (Doc. 176).  The court appoints the

---

[2]      Mr. Kearn filed this affidavit, or "Application," separate from his Motion for Appointment of
Counsel (Doc. 176).  But Mr. Kearn does not need the court's permission to proceed without prepayment
of fees on his § 2255 motion because no fees are required.  *United States v. Garcia*, 164 F. App'x 785,
786 (10th Cir. 2006) ("[T]here is no filing fee or court costs associated with a § 2255 proceeding.").
Nevertheless, the information in Mr. Kearn's Application is germane to the court's assessment of his
eligibility for appointed counsel.  18 U.S.C. § 3006A(b).  The court has considered that information from
Mr. Kearn's Application in its review of Mr. Kearn's eligibility for appointed counsel.  Nevertheless, the
court overrules Mr. Kearn's Application to Proceed without Prepayment of Fees (Doc. 177) because there
are "no filing fees or court costs associated with a § 2255 proceeding."  *Garcia*, 164 F. App'x at 786; *see
also* 28 U.S.C. § 1915(a)(1); *Garcia*, 164 F. App'x at 786 n.1 (noting that the court has broad discretion
to grant or deny permission to proceed in forma pauperis and that denial of IFP status does not prevent a
defendant "from exercising any of the rights to which an indigent is entitled in the course of a § 2255
proceeding").

Office of the Federal Public Defender for the District of Kansas to represent Mr. Kearn for the limited purpose of preparing for and participating in the evidentiary hearing in this case.

### C.  Preparation Schedule

Mr. Kearn has declared his intent to "prepare written interrogatories and a counter affidavit" in response to Mr. Francis's affidavit.  Doc. 175 at 1.  The court must give Mr. Kearn an opportunity "to admit or deny the[] correctness" of Mr. Francis's affidavit, Rules Governing Section 2255 Proceedings Rule 7(c), and give the parties "adequate time to investigate and prepare" for an evidentiary hearing.  Rule 8(c).  The court also must "conduct the hearing as soon as practicable . . . ."  Rule 8(c).  But the court declines to set the hearing's date, or any discovery deadlines, without hearing from the parties.  The court thus sets this case for a status conference **on June 15, 2020 on its 9:00 a.m. docket**.  At this status conference, the parties must be prepared to estimate the time needed to investigate and prepare for the evidentiary hearing and propose an appropriate date for the evidentiary hearing.  The court also directs the government's counsel to collect information about the timeline for returning Mr. Kearn to this judicial district for the evidentiary hearing.

### IV.    Conclusion

As explained above, the court finds an evidentiary hearing is warranted in this case.  And the court grants Mr. Kearn's Motion for Appointment of Counsel (Doc. 176).  The court also sets the case for a status conference to discuss a proposed hearing date and needed preparation time.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Jonathan Kearn's Motion for Appointment of Counsel (Doc. 176) is granted.

**IT IS FURTHER ORDERED THAT** defendant Jonathan Kearn's Application to Proceed without Prepayment of Fees (Doc. 177) is denied.

**IT IS FURTHER ORDERED THAT** the court appoints the Office of the Federal Public Defender for the District of Kansas to represent Mr. Kearn for the limited purpose of preparing for and participating in the evidentiary hearing in this case.

**IT IS FURTHER ORDERED THAT** the court will conduct a status conference with the parties on **June 15, 2020, on its 9:00 a.m. docket**.  At this status conference, the parties must be prepared to estimate the time needed to investigate and prepare for the evidentiary hearing.

**IT IS SO ORDERED.**

**Dated this 1st day of June, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree_____**
**Daniel D. Crabtree**
**United States District Judge**
