## In the United States District Court
## for the District of Kansas

**United States of America**,
    Plaintiff,

v.                                                   Case No. 13-40057-DDC

**Jonathan Kearn**,
    Defendant.

## Request for Defendant's Custodial Access
## to Electronically Stored Data

Jonathan Kearn, through undersigned counsel, asks this Court to grant him independent access to electronically stored data necessary to prepare for litigating his 28 U.S.C § 2255 petition. Mr. Kearn is in custody at Core Civic pending litigation of his § 2255 petition, and a status conference is set for September 8, 2020. The government does not object to this motion, with the understandable proviso that no contraband material be included. We agree with that assessment, and will screen all material provided to ensure that no contraband material is included with the USB drive.

Typically, providing a defendant with custodial access to case material involves government discovery. In this case, we propose to provide a USB drive to Core Civic containing the appellate record, filings relevant to the §

2255 petition, and correspondence between the FPD and Mr. Kearn. Given the nature of the charge, Mr. Kearn is unable to retain these materials in his living quarters at Core Civic. We therefore ask to provide a USB drive to Core Civic to ensure that Mr. Kearn can meaningfully participate in the litigation of his § 2255 motion.

Mr. Kearn asks the Court to order his custodians to allow him to have independent access to electronically stored information outside the presence of his defense team, under the conditions below.

The defense has provided a stripped laptop to Core Civic with certain programs installed that will allow review of material but no alteration. Once a review session is completed, the computer automatically resets. The proposed Order to Core Civic would direct that Mr. Kearn have at least ten hours of access to the discovery per week. This protocol has been successful at Core Civic, Butler County Jail, and Sedgwick County Jail, and follows the protocol of the national working group that includes both DOJ and Defender Services.

Because we cannot currently visit Mr. Kearn at Core Covic, this protocol will facilitate defense preparation for the hearing and ensure that Mr. Kearn has full and complete access to all relevant documents in the case.

For these reasons, Mr. Kearn asks this Court to grant this motion.

Respectfully submitted,

<u>s/Kirk C. Redmond</u>
Kirk C. Redmond #18914
First Assistant Federal Public Defender
117 SW Sixth Avenue, Suite 200
Topeka, KS 66603
Telephone: 785-232-9828
Fax: 785-232-9886
Email: Kirk_Redmond @fd.org
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of the Court on August 19, 2020, by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

<u>s/ Kirk C. Redmond</u>
Kirk C. Redmond, #18914

3