**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **Case No. 13-40057-01-DDC** |
| **JONATHAN KEARN,** | |
| **Defendant.** | |

**ORDER**

NOW on this 24th day of August 2020, the above-entitled matter comes before the court on the Motion of Counsel for the Defendant for Custodial Access to Electronically Stored Data (Doc. 191). Mr. Kearn asks this court to order his custodians, the United States Marshals Service, to arrange for him to have access to a secured laptop computer at Core Civic, where he is currently housed, in order to allow independent access to electronically stored data necessary to prepare his defense. This matter is set for a status conference on September 8, 2020. In order to adequately review material in preparation for the 28 U.S.C. § 2255 hearing, independent and secure access to electronically stored material is necessary. The court notes that similar arrangements have been in place in other federal holding facilities within the district.

This secured laptop will be provided by his attorneys from the Federal Public Defender's office and inspected and approved by the U.S. Attorney's office. The FPD is responsible for maintenance and neither the U.S. Marshal nor Core Civic is responsible for the content or condition of the equipment.

The laptop would meet certain prerequisites agreed upon by the parties: The defense will provide a laptop with only certain programs installed that allow review of material but no alteration or additions. A separate note-taking function will allow the defendant to take and store

notes to share with counsel, but none of the other data can be altered.  The Wi-Fi card is physically removed from the computer.  Network and Bluetooth communications will be disabled.  Once a review session is completed, the computer automatically refreshes to its previous state, removing any modifications to settings or files.

Data will be loaded onto the laptop hard drive.  The computer note-taking file will be accessible only to Mr. Kearn and his attorneys.  The intent of this program is to reduce the possibility that written information will be unsecured within the facility.  For these reasons, the court grants the defendant's Motion for Defendant's Custodial Access to Electronically Stored Data (Doc. 191).

It is further ordered that Mr. Kearn shall be allowed at least ten hours per week to review electronically-stored data in a secure and confidential manner.  This review will occur in a room that is occupied solely by the defendant.  The United States Marshal and Core Civic will coordinate with the Federal Public Defender regarding to the transfer of equipment and material.

It is so ORDERED.

Dated: August 24, 2020                           s/ Daniel D. Crabtree
                                                 DANIEL D. CRABTREE
                                                 UNITED STATES DISTRICT JUDGE