# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case No. 13-40057-01-DDC

JONATHAN KEARN,

       Defendant.

_____

## MEMORANDUM AND ORDER

On April 30, 2020, the court issued a Memorandum and Order denying six of the seven claims of ineffective assistance of counsel raised by defendant Jonathan Kearn in his Amended Motion to Vacate, Set Aside, or Correct a Sentence Under § 2255. *See* Doc. 173 (April 30, 2020 Memorandum and Order); Doc. 165 (Mr. Kearn's Amended Motion). Before the court is Mr. Kearn's Motion to Vacate Judgment (Doc. 179) and the government's Response (Doc. 189).[1] Mr. Kearn's motion explicitly invokes Fed. R. Civ. P. 59(e) and seeks reconsideration of the court's April 30, 2020 Memorandum and Order. *See* Doc. 179 at 3. So, the court considers Mr. Kearn's motion as one for reconsideration. And the court denies the motion, for reasons explained below.

Our local rules recognize two kinds of reconsideration motions: (1) those seeking reconsideration of dispositive orders and judgments, which a party must file within 28 days of judgment under Fed. R. Civ. P. 59(e) or 60, *see* D. Kan. Rule 7.3(a), and (2) those seeking reconsideration of non-dispositive orders, which a party must file "within 14 days after the order is filed unless the court extends the time[,]" *see* D. Kan. Rule 7.3(b). Our court has recognized

---

[1]     Mr. Kearn didn't file a Reply.

that "[s]ome uncertainty exists" under our court's local rules "whether orders disposing of some but not all claims are dispositive or non-dispositive[.]"  *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1 (D. Kan. Jan. 10, 2013) (citations omitted); *see also Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (explaining there is "some uncertainty whether orders disposing of some but not all claims . . . are considered dispositive under the local rule").

Some judges have considered an order that disposes of some, but not all, claims as a non-dispositive order to which D. Kan. Rule 7.3(b) applies and requires filing a motion to reconsider within 14 days.  *See Jordan v. Sprint Nextel Corp.*, 3 F. Supp. 3d 917, 935 (D. Kan. 2014) (concluding that plaintiff's motion to reconsider "fail[ed] procedurally" because plaintiff filed it more than 14 days after the court's order dismissing all but one of plaintiff's claims and one of two defendants, and thus, "the Order was not dispositive" and plaintiff "should have filed a motion to reconsider pursuant to D. Kan. Rule 7.3(b) within fourteen days of the Court's order"); *see also Seyler v. Burlington N. Santa Fe Corp.*, 121 F. Supp. 2d 1352, 1355 (D. Kan. 2000) (explaining that the court's "rulings . . . were non-dispositive, in that they did not fully resolve the case and could be challenged by a timely motion under Rule 7.3(b)").

Other judges have concluded that such an order is a dispositive order because it disposes—at least partially—of a litigant's claims.  *See Great Plains Ventures, Inc. v. Liberty Mut. Fire Ins. Co.*, No. 14-1136-JAR, 2016 WL 1715453, at *1 (D. Kan. Apr. 29, 2016) (concluding that the court's "partial grant of summary judgment was a dispositive order, as it was a decision on the merits that resolved some of Plaintiff's claims in the case"); *see also Johnson v. Simonton Bldg. Props., Inc.*, No. 08-2198, 2009 WL 902409, at *2 (D. Kan. Mar. 31, 2009) (finding that D. Kan. Rule 7.3(b), which "only applies to non-dispositive orders[,]" didn't

apply to "the court's order" which "was dispositive because it terminated some of Plaintiffs' claims" but concluding that "it is well within the court's discretion to revise an interlocutory order at any time prior to the entry of final judgment" under Fed. R. Civ. P. 54(b) and applying the Rule 59(e) and D. Kan. Rule 7.3(b) "legal standards" to the motion "which are essentially identical").

Here, Mr. Kearn argues—and the government agrees—that the court's April 30, 2020 Memorandum and Order was a dispositive order. *See* Doc. 179 at 2–3; Doc. 189 at 4–5. In that world, Mr. Kearn's motion was timely because he filed it 28 days after the court's Order. *See* Doc. 179 (noting filing date of May 28, 2020). But if the court's previous Order denying six of Mr. Kearn's seven claims wasn't dispositive, then Mr. Kearn needed to file it within 14 days of the court's Order. And he didn't do that. So, in that world, Mr. Kearn's motion wasn't timely. But the court concludes that it need not determine whether its previous Order was dispositive, nor whether Mr. Kearn's motion is timely. In any event, the four arguments Mr. Kearn raises in his Motion for Reconsideration are without merit under the governing legal standards of Fed. R. Civ. P. 59(e) or D. Kan. Rule 7.3(b), "which are essentially identical." *Johnson*, 2009 WL 902409, at *2. After summarizing the governing standard, the court briefly addresses each of his four arguments.

A "motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b) (reciting the standard governing motions to reconsider non-dispositive orders); *see also* D. Kan. Rule 7.3(a) (instructing that motions to reconsider dispositive motions are governed by Fed. R. Civ. P. 59(e) or 60); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing these same three grounds for a Rule 59(e)

motion).  Importantly, motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court" or "advance[ ] new arguments" not raised before.  *Servants of the Paraclete*, 204 F.3d at 1012.

*First*, Mr. Kearn contends the court "never addresse[d] the binding Supreme Court and Tenth Circuit standards of conducting a nunc pro tunc competency hearing."  Doc. 179 at 4 (emphasis omitted) (citing *Barnett v. Hargett*, 174 F.3d 1128, 1136 (10th Cir. 1999)).  He thus argues that the court violated his due process rights by failing to "to provide an adequate contemporaneous hearing on [his] competency to stand trial."  *Id.* (emphasis omitted).  This argument inappropriately shifts the focus of Mr. Kearn's § 2255 motion that the court previously ruled.  That motion focused on the errors of Mr. Kearn's trial counsel in failing to ask the court to conduct a competency hearing.  Now, Mr. Kearn argues the court itself erred by failing to conduct a competency hearing.  But a reconsideration motion is an inappropriate vehicle for "advancing new arguments or supporting facts which were otherwise available for presentation" when the court ruled the original motion.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (quotation cleaned up).  By definition, this argument was available to Mr. Kearn when he filed his § 2255 motion.  But he never raised it before this reconsideration filing.

In any event, the court concludes that it didn't commit clear error by not conducting a competency hearing at trial.[2]  "A petitioner is entitled to a nunc pro tunc evidentiary hearing to establish that he was incompetent at the time of trial only upon raising a threshold doubt about

---

[2]    Mr. Kearn's claim is "based upon substantive due process" because it "involves a defendant's right to not to be tried while incompetent."  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  Mr. Kearn didn't raise this claim on direct appeal to the Tenth Circuit.  But a "substantive competency claim" of the kind Mr. Kearn now raises "is not subject to a procedural bar."  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  Thus, there aren't any jurisdictional concerns with the court rejecting the merits of Mr. Kearn's claim as an independent and alternative reason for denying this portion of his Motion to Reconsider.

his competency by clear and convincing evidence." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). Mr. Kearn's motion doesn't raise a threshold doubt about his competency. The touchstone of competency is whether defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). The court already concluded that its "colloquies with Mr. Kearn, *i.e.*, about *Lafler/Frye* issues and his control over the decision to testify, persuade[d] the court that Mr. Kearn possessed a rational understanding of the proceedings against him." Doc. 173 at 10. Mr. Kearn's reconsideration motion doesn't do anything to change that conclusion. He now argues that he was under the influence of methamphetamine during trial. *See* Doc. 179 at 5; *see also* Doc. 189 at 7 (the government recognizing this as Mr. Kearn's argument). But Mr. Kearn presents no evidence that he didn't understand the proceedings against him while the trial unfolded. On the contrary, from Mr. Kearn's testimony and other statements to the court at trial, the court concludes he continued to possess a rational understanding of the proceedings against him during the trial itself.

*Second*, Mr. Kearn argues the court committed "a clear error of fact finding" in concluding that Mr. Kearn failed to carry his burden to show that but-for his counsel's error in failing to make a *Brady* objection, the trial would've turned out differently. *See* Doc. 179 at 7. But Mr. Kearn does nothing more than recite passages from his Reply brief, which the court already has considered and rejected in its earlier Order. *See* Doc. 173 at 26 ("Mr. Kearn merely argues that there is some possibility the video footage he contends was withheld contained exculpatory evidence. But Mr. Kearn must do more than speculate to succeed."). Thus, Mr. Kearn's second reconsideration argument is without merit. *Servants of the Paraclete*, 204 F.3d

at 1012 (explaining that motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court").

*Third*, Mr. Kearn argues the court clearly erred when it concluded that his counsel wasn't deficient in failing to raise a double jeopardy objection.  In other words, Mr. Kearn argues his three child pornography convictions raised a double jeopardy violation.  Specifically, Mr. Kearn contends that "possession is a lesser included offense of either distribution or production, where the elements to prove them are based on the same, non-distinct images." Doc. 179 at 9.  And so, he argues, his three convictions violated double jeopardy.  The court already rejected this argument in its previous Order, relying on persuasive out-of-circuit authority.  *See* Doc. 173 at 28 (first citing *United States v. Gomez-Diaz*, 911 F.3d 931, 934 (8th Cir. 2018) (holding that possession and production of child pornography are two separate offenses); then citing *United States v. McElmurry*, 776 F.3d 1061, 1063–65 (9th Cir. 2015) (holding that possession and distribution of child pornography are not lesser-included offenses of the other)).  The court predicted that, if presented with the issue, our Circuit also would hold that possession is not a lesser included offense of either distribution or production.  *See* Doc. 173 at 28–29.  Mr. Kearn doesn't provide any intervening change of law from the Tenth Circuit, nor from any other circuit for that matter.  And the court can't find any such intervening authority.  Thus, under the standard for reconsideration motions under both D. Kan. Rule 7.3(b) and Fed. R. Civ. P. 59(e), the court rejects Mr. Kearn's double jeopardy arguments that the court already has considered.

*Fourth*, and finally, Mr. Kearn asks the court to reconsider its ruling on his cumulative error argument.  "Cumulative error is present when the 'cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.'" *Workman v. Mullin*, 342 F.3d 1100, 1116 (10th Cir. 2003) (quoting

*Duckett v. Mullin*, 306 F.3d 982, 992 (10th Cir. 2002)).  The court previously declined to apply the cumulative error standard to Mr. Kearn's § 2255 motion because his motion "merely recite[d] the legal standard for this analysis" without making any "specific argument about his counsel's purported errors."  Doc. 173 at 29.

Now, Mr. Kearn contends that he listed 25 errors in his § 2255 motion, and that the government conceded that his counsel was ineffective for failing to investigate a DropBox link.  *See* Doc. 179 at 10.  But, as the government highlights, it made no such concession.  *See* Doc. 189 at 17–18.  Mr. Kearn's arguments about a DropBox link amounted to three lines of his 54-page motion.  *See* Doc. 165 at 25–26.  And his mention of a DropBox link appeared in a section of his motion also discussing an IP address and email addresses.  *See id.* at 25–26.  In its Response to Mr. Kearn's § 2255 motion, the government acknowledged the argument about counsel's "failure to investigate email accounts associated to [an] IP address" alongside several other alleged failures.  Doc. 168 at 23.  The government then argued that "all" of Mr. Kearn's claims failed under the proper analysis for an ineffective assistance of counsel claim.  *Id.*  The court thus concludes that the government didn't concede Mr. Kearn's scant argument about a DropBox link.  And because Mr. Kearn doesn't specify how his counsel's failure to investigate a DropBox link amounted to constitutional error, the court concludes that it didn't clearly err by declining to apply the cumulative error standard to Mr. Kearn's case.

That conclusion isn't changed by the court's separate Order finding that Mr. Kearn received ineffective assistance of counsel in the plea process.  *See* Doc. 210.  Even recognizing that constitutional violation, Mr. Kearn still has failed to identify the "cumulative effect of *two or more* individually harmless errors" that prejudiced him "to the same extent as a single reversible

7

error." *Workman*, 342 F.3d at 1116 (quotation cleaned up) (emphasis added).  So, the court denies reconsideration on this ground of cumulative error.

In sum, Mr. Kearn hasn't identified an intervening change in controlling law, new evidence previously unavailable, nor any need to correct clear error or prevent manifest injustice. The court thus denies Mr. Kearn's Motion for Reconsideration.  Relatedly, the court also continues to deny a Certificate of Appealability for the issues decided in this Order.  *See* Doc. 173 at 30 (previously denying a COA on six of the seven claims denied in the April 30, 2020 Memorandum and Order).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Kearn's Motion to Vacate Judgment (Doc. 179), which the court construes as a reconsideration motion under either D. Kan. Rule 7.3(b) or Fed. R. Civ. P. 59(e), is denied.

**IT IS SO ORDERED.**

**Dated this 4th day of January, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**