IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
                                           )
            Plaintiff,    )
                                           )
v.    )    Case No. 13-40057-01-DDC
                                           )
JONATHAN KEARN,    )
                                           )
          Defendant.    )
_____)

**GOVERNMENT'S MOTION FOR RECONSIDERATION
AND CLARIFICATION**

COMES NOW the United States of America and hereby moves this Court to reconsider its grant of relief to Defendant on his motion filed under 28 U.S.C. § 2255, as discussed in its Memorandum and Order filed in the above-entitled case on January 4, 2022.  (Doc. 210.)

I.    **Background**

On January 4, 2022, this Court granted Defendant's claim raised in his Amended Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel based on his attorney's advice during the plea process.  (*See id*. at 1-2, 35.)  In this Court's view, counsel ineffectively advised Defendant about a plea agreement discussed by

the parties prior to his trial, whereby, within the framework of Federal Rule of

Criminal Procedure 11(c)(1)(C), Defendant would enter a guilty plea to Count 3 of

the indictment and potentially bind this Court to sentence him to a ten-year

sentence on that count.  (*See id*. at 5-7.)  This Court concluded that counsel

ineffectively advised Defendant about two aspects of this proposed plea, namely,

(1) the key benefits of Rule 11(c)(1)(C)'s binding plea provision, and (2) the nature

of the burdens imposed by Rule 11(b)(3)'s factual basis requirement.  (*Id*. at 15,

20.)  That is, "trial counsel understated the benefits of Rule 11(c)(1)(C)'s binding

nature while overstating the burdens imposed by Rule 11(b)(3)'s factual basis

requirement."  (*Id*. at 15.)

More specifically, as to counsel's ineffective advice regarding Rule

11(b)(3)'s factual basis requirement, which requires that a court determine that a

factual basis exists for a guilty plea before accepting it[1], this Court found that

counsel misadvised Defendant by suggesting that Defendant himself would have to

admit facts constituting the factual basis for Count 3.  (*Id*. at 21-22.)  This Court

further noted, correctly, that the requirement could have been satisfied in a way

that did not require Defendant to admit the facts comprising the factual basis, such

---

[1]      *See* Fed. R. Crim. P. 11(b)(3) ("Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.").

as by the government "reciting a summary of the evidence it had adduced of Mr.

Kearn's guilt," whereupon "Mr. Kearn could've then acknowledged that the

government possessed evidence sufficient to support a conviction beyond a

reasonable doubt." (*Id*. at 22.)  This misadvice prejudiced Defendant, according to

this Court, because Defendant "asserts that he would've pleaded guilty in one

narrow circumstance:  one where the government would supply the factual basis

for the plea and he would acknowledge that the government had sufficient

evidence to convict him." (*Id*. at 26.)  Because Defendant lost the opportunity to

plead guilty as a result of this misadvice, this Court ordered the government to

reoffer Defendant the Rule 11(c)(1)(C) plea agreement under which he may enter

"a guilty plea on the possession charge in Count Three of the Indictment.  (*Id*. at

37.)

## II.     This Court Should Reconsider.

"A motion to reconsider may be granted when the court has misapprehended

the facts, a party's position, or the law.  Specific grounds include: (1) an

intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice."

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (internal citation and

internal quotation marks omitted).  Specifically, this Court should reconsider in

order to correct clear error and prevent manifest injustice.

The way the government reads this Court's order—and the government may

be wrong—this Court's remedy consists of allowing Defendant to enter a guilty

plea to Count 3 without saying that he knowingly committed the crime (including

each of its legal elements) and is guilty of it.  The government surmises as much

from the following passage in the Court's order:

> The government argues that even though it certainly could
> have supplied the factual basis for the guilty plea, and Mr. Kearn
> could have admitted that the government had the evidence to
> convict him at trial, he still would've had to admit his guilt to enter
> a guilty plea. See Doc. 207 at 17, 19–20. And, the government
> contends, Mr. Kearn couldn't do that because he testified that he
> couldn't answer a specific question this court has asked
> defendants in the past. But the government ignores Mr. Kearn's
> other testimony on this question. It's true that in our court, judges
> frequently asks defendants during plea colloquies whether they
> "knowingly committed this crime" and "are, in fact, guilty of it."
> Doc. 204 at 48 (reciting a question the court asked during a plea
> colloquy). ***And Mr. Kearn did testify that he could not say that***
> ***he knowingly committed the crime and was, in fact, guilty of it.***
> *See id*. at 48–49. But, importantly, Mr. Kearn also testified that he
> could have acknowledged the government had evidence to convict
> him at trial, and that after "making that statement," he would "have
> been willing to plead guilty[.]" *Id*. at 49. ***In other words, as long***
> ***as the plea hearing played out in the narrow circumstances Mr.***
> ***Kearn describes, he would've pleaded guilty***. And had Mr.
> Kearn's trial counsel provided the explanation Mr. Kearn now has

made, ***it's extremely likely that the court would have accepted Mr. Kearn's plea on that basis.*** That is—had Mr. Kearn confirmed that the government possessed sufficient evidence to convict him and presented Circuit authority opining that he need not admit his guilt to supply the requisite factual basis—it's far more likely than not that the court would have accepted his guilty plea.

(Doc. 210, at 34-35 (emphasis added).)

If this Court by this passage means to say that a defendant's acknowledgement that the government has the evidence to prove him guilty—for purposes of establishing the factual basis for the plea under Rule 11(b)(3)—is itself a guilty plea, a makeweight for a guilty plea, or an adequate basis upon which to accept guilty plea, this Court has clearly erred.

This is so because a guilty plea requires an affirmative *admission* by a defendant that he is guilty and knowingly committed the acts constituting the crime charged, irrespective of how the factual basis for the guilty plea is established for purposes of satisfying Rule 11(b)(3).  There can be no arguable dispute about this point.  *See McCarthy v. United States*, 394 U.S. 459, 466 (1969) (stating "a guilty plea is an admission of all the elements of a formal criminal charge"); *Brady v. United States*, 397 U.S. 742, 748 (1970) ("Central to the [guilty] plea and the foundation for entering judgment against the defendant is the defendant's admission in open court that he committed the acts charged in the indictment.");

*McMann v. Richardson*, 397 U.S. 759, 766 (1970) ("A conviction after a plea of guilty normally rests on the defendant's own admission in open court that he committed the acts with which he is charged."); *United States v. Allen*, 24 F.3d 1180, 1183 (10th Cir. 1994) (stating "a defendant who makes a counseled and voluntary guilty plea *admits* both *the acts described in the indictment* and the legal consequences of those acts" (emphasis added)); *United States v. Crockett*, 812 F.2d 626, 629 (10th Cir. 1987) ("A plea of guilty constitutes an admission of all material facts well pleaded in the indictment[.]"); *United States v. Kelsey*, 15 F.3d 152, 153 (10th Cir. 1994) ("A plea of guilty is the equivalent of *admitting all material facts alleged in the charge.*" (emphasis added)); J. Cissell, Federal Criminal Trials, 7th Ed., 2008 § 6-2[a] ("A knowing and voluntary guilty plea is an admission of all the elements or material facts of the charge.").  *See also United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the *factual* and legal *elements* necessary to sustain a binding, final judgment of guilt and a lawful sentence." (emphasis added)); *United States v. Brown*, 164 F.3d 518, 521 (10th Cir. 1998) (explaining an "unconditional plea *admit[s] all material allegations* already contained in the [ ] indictment" (emphasis added)).

Accordingly, to enter a guilty plea in this case, Defendant must do what he has already told this Court he would not do: say that he knowingly committed the crime and is guilty of it. That is, he must admit all the material facts and legal elements described in Count 3, regardless of how the factual basis for that charge is established. And, to be clear, Defendant's mere acknowledgement that the government has sufficient evidence to prove his guilt on Count 3 at any future plea hearing will not establish a *guilty plea*, as it is neither a guilty plea, nor a makeweight for a guilty plea, and does not provide an adequate basis for this Court to enter a guilty plea.

More to the point, Count 3 charges that on May 7, 2013, in the District of Kansas, Defendant:

> knowingly possessed and accessed with the intent to view at least one (1) matter which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, and such visual depiction is of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

(Doc. 15, at 2-3.)

So in order to plead guilty to this charge, Defendant will have to admit that he knowingly committed this crime and is guilty of it. Specifically, he must admit

that (1) on May 7, 2013 (2) in the District of Kansas (3) he knowingly (4) possessed and accessed with intent to view (5) at least one visual depiction involving a minor engaging in sexually explicit conduct, (6) which had traveled in interstate commerce. In other words, Defendant must admit that he knowingly did the acts constituting the crime alleged in Count 3 and is guilty of it.

This all seems clear to the government, but this Court's order leaves the government questioning what this Court will require of Defendant if he chooses to enter a "guilty plea" to Count 3, as this Court's remedy allows. (*See* Doc. 210, at 37 (this Court ordering government to reoffer Rule 11(c)(1)(C) plea agreement "in exchange for a guilty plea on the possession charge in Count Three").) Defendant has already told this Court he could not say that he knowingly committed the crime and is guilty of it (Doc. 210, at 34 ("And Mr. Kearn did testify that he could not say that he knowingly committed the crime and was, in fact, guilty of it.")), which he must do to enter a guilty plea. Yet this Court suggests that it will accept Defendant's "guilty" plea based solely on his mere acknowledgement that the government has sufficient evidence to convict him. (*Id*. at 34-35 ("In other words, as long as the plea hearing played out in the narrow circumstances Mr. Kearn describes [by acknowledging the government had evidence to convict him at trial], he would've pleaded guilty. And had Mr. Kearn's trial counsel provided the

explanation Mr. Kearn has now made, it's extremely likely that the court would have accepted Mr. Kearn's plea on that basis.").

As imagined by the government, this scenario does not bear characteristics of a guilty plea, whereby a defendant admits all material facts and legal elements described in a charge and admits his guilt. Rather, this scenario more closely resembles a no-contest plea—where a defendant does not admit factual or legal guilt—or an *Alford* plea—where a defendant enters a guilty plea with a protestation of innocence. *See* Black's Law Dictionary 945 (5th ed. 1979) (defining "nolo contendere" in part as a "[t]ype of plea . . . by which the defendant does not admit or deny the charges"); *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004) ("While a nolo plea is indisputably tantamount to a conviction, it is not necessarily tantamount to an admission of factual guilt."); *North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (describing nolo contendere plea as "*a plea by which a defendant does not expressly admit his guilt*, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty" (emphasis added)); *id.* at 33 (describing an *Alford*-type plea as "*a guilty plea . . . accompanied by a protestations of innocence . . .* but no admission of guilt" (emphasis added)); *United States v. Buonocore*, 416 F.3d 1124, 1129-30

(10th Cir. 2005) (describing *Alford* plea as "a guilty plea accompanied by protestations of innocence").

Of course, if this Court were to accept Defendant's *guilty* plea based solely on Defendant's acknowledgment that the government has the evidence to convict him, such acceptance would constitute an abuse of discretion and amount to clear error.  In this scenario, the error would be three-fold.

First, this Court cannot accept Defendant's "guilty" plea on Count 3 unless he (a) says he is "guilty" and (b) admits his factual and legal guilt of the acts described in Count 3.  Anything less would not be a guilty plea; rather, it would be a no-contest (nolo contendered) plea or an *Alford* plea, which the government did not offer.[2]

Second, if this Court allowed Defendant to enter a guilty plea to Count 3 without apprising him that a guilty plea is an admission that he knowingly committed the factual acts and legal elements described in Count 3, his guilty plea

---

[2]     Although a defendant may enter a no-contest plea without admitting his factual guilt, the government did not offer Defendant a no-contest plea here, so this option was never available to him.  (*See* Doc. 178-1, at 1 (Affidavit of Michael E. Francis stating he was "informed that the United States would accept *a plea of guilty* to Count 3 of the indictment" (emphasis added)).)  Nor was Defendant offered an *Alford* plea, which Defendant "does not assert he would have attempted to enter." (Doc. 206, at 9 n.48.)

to that count would be unknowing and involuntary, having been made without a full understanding and awareness of the consequences of his plea.  "[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.  Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."  *Boykin v. Alabama,* 395 U.S. 238, 243 n.5 (1969).

Finally, allowing Defendant to enter anything other than a valid "guilty" plea—which would comprise both a statement from Defendant that he is guilty and an admission that he knowingly committed the factual acts and satisfied the legal elements described in Count 3—would be inconsistent with the government's plea offer in this case upon which this Court's remedy is predicated:  the government had previously offered a Rule 11(c)(1)(C) *guilty* plea to Count 3.  *See* n.2, *supra.* Permitting Defendant to enter a no-contest plea or an *Alford* plea as a remedy now would constitute a material alteration to the government's plea offer and unfairly put Defendant in a *better* position than he would have been had he accepted the proposed Rule 11(c)(1)(C) guilty plea before his trial.

In sum, if the government does not misperceive the import of this Court's holding, i.e.—that it will allow Defendant to enter a guilty plea to Count 3 without

Defendant saying that he knowingly committed the crime and is guilty of it—then this Court should reconsider its ruling.  For the reasons argued, allowing Defendant to enter a guilty plea to Count 3 under these circumstances would be contrary to law, constitute legal error, and give rise to manifest injustice.

## III.    Clarification Is Needed.

Perhaps the government has misperceived the import of this Court's holding and misconstrued Defendant's announced intention to plead guilty without admitting that he knowingly committed the crime charged in Count 3 and is guilty of it.  Even so, this Court's order and Defendant's contradictory statements leave room for clarification.  More precisely, the government respectfully seeks clarification from this Court on the following questions:

1.    Does this Court's order hold that a defendant's agreement that the government has the evidence to prove him guilty—for purposes of establishing the factual basis for the plea under Rule 11(b)(3)—is itself a guilty plea, a makeweight for a guilty plea, or an adequate basis upon which this Court may enter a guilty plea on a defendant's behalf?

2.    Does this Court's order as to remedy contemplate that Defendant may enter a guilty plea to Count 3 without both (a) saying that he is "guilty" and (b) admitting his factual and legal guilt as to the acts described in Count 3?

3.      If, at any future plea hearing, if Defendant says that he is guilty but refuses to admit his factual and legal guilt of the acts described in Count 3, will the Court accept his guilty plea?

## IV.     Conclusion

This Court should reconsider the portion of its order as to remedy, which suggests that Defendant may enter a guilty plea to Count 3 without saying he knowingly committed the crime charged in Count 3 and is guilty of it.  If the government has misperceived this import of the Court's ruling, then it seeks clarification of the points raised on pages 12-13, *supra*.


Respectfully submitted,

DUSTON J. SLINKARD
Acting United States Attorney

s/ *James A. Brown*
JAMES A. BROWN
Kan. S. Ct. No. 14254
Assistant United States Attorney
District of Kansas
444 SE Quincy, Room 290
Topeka, KS  66683
Tel.:  (785) 295-2850
FAX: (785) 295-2853
James.Brown2@usdoj.gov

## CERTIFICATIONS

I certify that this document was electronically filed on January 13, 2022, with the Clerk of the Court by using the ECF system, which will send a copy of the Notice of Docket to all interested ECF system participants as of the time of the filing, including to counsel of record for Defendant.

s/ *James A. Brown*
Assistant United States Attorney