**In the United States District Court
For the District of Kansas**

**United States of America,**
    Plaintiff,

v.                                        **Case No. 13-cr-40057-DDC-1**

**Jonathan Kearn,**
    Defendant.

**Petitioner's Response to Government's Motion for
Reconsideration and Clarification**

    In a thorough and well-reasoned order, this Court ruled that Jonathan Kearn received constitutionally ineffective assistance of counsel during the plea-bargaining phase of his criminal case. As a remedy, this Court (1) ordered the government to reinstate an earlier plea offer and (2) explained that if Mr. Kearn pleaded guilty under this reinstated offer, the Court would then exercise its discretion in determining whether to accept his plea.[1]

    The government now says that imposing this remedy would be both unjust and illegal.[2] But as this Court previously pointed out, "the government was the first to suggest this remedy."[3] For this and other reasons discussed below, the Court should deny the government's motion to reconsider.

---

[1] Doc. 210 at 35–37.

[2] Doc. 211 at 4.

[3] Doc. 210 at 36.

1

## 1. The government's arguments for reconsideration are procedurally problematic.

The cornerstone of the government's motion is Mr. Kearn's statement that he would have been unable to expressly admit his own factual and legal guilt.[4] But this statement was available when the government filed its original briefing.[5] So if the government believed that this statement precluded the Court from imposing the remedy outlined above, the government could have and should have said so.[6] Instead, it said just the opposite. The government conceded that (1) directing it to reinstate the plea deal was the only appropriate remedy this Court could impose; and (2) if Mr. Kearn pleaded guilty under the reinstated deal, this Court would have discretion to accept or reject his plea.[7] The government cannot now argue that it would be illegal or unjust for this Court to impose the very remedy that the government previously requested.[8]

True, the government's current remedy-reconsideration arguments do echo some of its original constitutional-question theories.[9] But even if that means the

---

[4] Doc. 211 at 7.

[5] *See* Doc. 204 at 48–49; Doc. 210 at 7 (discussing this statement).

[6] *See Cummings v. Othmer*, 2021 WL 3710016, at *2 (D. Kan. Aug. 20, 2021) (noting that a motion to reconsider is not an appropriate vehicle for "advanc[ing] arguments that could have been raised in prior briefing"); *accord* Doc. 209 at 4.

[7] *See* Doc. 207 at 24 ("[T]he *only* appropriately tailored remedy . . . would be to require the government to reoffer the plea, subject to this Court's *discretionary decision* to reject it." (emphases added)); *see also* Doc. 210 at 36 (noting that the government agreed to and "was the first to suggest this remedy").

[8] *Cf., e.g.*, *United States v. Williams*, 10 F.4th 965, 973 (10th Cir. 2021) (holding that the defendant couldn't ask the district court to impose restitution and then argue that the district court lacked authority to grant his request).

[9] *See, e.g.*, Doc. 207 at 17–20 (arguing that (1) defense counsel *correctly* advised Mr. Kearn that he couldn't plead guilty without expressly admitting his own factual and legal guilt in open court; and (2) Mr. Kearn's testimony established that he couldn't and wouldn't have done so).

government's current arguments aren't actually "new,"[10] it also means that this Court has already considered and rejected those arguments.[11] And a motion to reconsider isn't the appropriate vehicle for rehashing old arguments, either.[12]

The Court should deny the government's motion to reconsider for these procedural reasons alone. Alternatively, the Court should reject the government's arguments on their merits for the reasons discussed below.

### 2. The government's arguments for reconsideration are substantively flawed.

The government says that in order to plead guilty, a defendant must expressly admit that the defendant is factually and legally guilty—rather than "solely" acknowledging that the government's evidence is sufficient to prove as much.[13] There are two problems with this argument.

First, it conflates the issue of whether there's a factual basis for a guilty plea with the issue of whether there's a guilty plea at all. As this Court explained in its order, district courts are free to use the acknowledgment-of-the-evidence method as a substitute for the more traditional personal-recitation method—but only for purposes of establishing the requisite factual basis for a defendant's guilty plea.[14]

---

[10] Doc. 209 at 4 ("[M]otions for reconsideration 'are inappropriate vehicles to . . . 'advance[ ] new arguments'" (second alteration in original) (citation omitted)).

[11] *See, e.g.*, Doc. 210 at 23 (rejecting the government's argument that Mr. Kearn was required to "admit the facts in open court"); *id.* at 34–35 (rejecting the government's argument that Mr. Kearn's inability to admit those facts would have precluded him from entering—or precluded this Court from accepting—a guilty plea).

[12] *See Cummings*, 2021 WL 3710016, at *2; *accord* Doc. 209 at 4.

[13] Doc. 211 at 8, 10.

[14] *See* Fed. R. Crim. P. 11(b)(3); Doc. 210 at 20–23 (explaining that under the acknowledgment-of-the-evidence method, (1) the government recites its evidence of the defendant's guilt and (2) the

Contrary to the government's assertion, this Court never suggested that district courts can treat a defendant's acknowledgment of the evidence as a makeweight for the guilty plea itself. Regardless of how a district court goes about verifying that a defendant's guilty plea has a factual basis, the defendant must still *actually enter* a guilty plea.[15]

Second, the government's argument conflates the factual preconditions *for* pleading guilty with the legal consequences *of* pleading guilty. Again, this Court never suggested that either a factual-basis acknowledgment or a factual-basis finding is the equivalent of an express guilty plea. But entering an express guilty plea—which is precisely what Mr. Kearn intends to do if given the opportunity—*is* the equivalent of admitting a defendant's factual and legal guilt. The government itself acknowledges as much.[16]

Accordingly, a defendant need not expressly admit the truth of the facts alleged in the indictment in order to plead guilty. Instead, by expressly pleading guilty, the defendant necessarily and implicitly admits those facts.[17] Were it otherwise,

---

defendant acknowledges that the government's evidence is sufficient to prove the defendant guilty beyond a reasonable doubt).

[15] *See* Doc. 210 at 34 (emphasizing that Mr. Kearn testified *both* (1) "that he could have acknowledged the government had evidence to convict him at trial"—thereby establishing the requisite factual basis—*and* (2) that he also would have been able to actually "plead guilty").

[16] *See* Doc. 211 at 5–6 (asserting, among other things, that a guilty plea "*is*" such an admission; that a guilty plea "*constitutes*" such an admission; and that a guilty plea is "*the equivalent*" of such an admission (emphases added) (citations omitted)).

[17] *See Blohm v. Comm'r*, 994 F.2d 1542, 1554 (11th Cir. 1993) (explaining that a valid guilty plea necessarily carries with it an "*intrinsic* admission of each element of the crime" (emphasis added)); *see, e.g.*, *United States v. Brown* 164 F.3d 518, 521–22 (10th Cir. 1998) (holding that even though the defendant carefully avoided admitting that any of the charged conduct *actually* occurred within the United States, the defendant's guilty plea itself nevertheless admitted the truth of all material facts alleged in the indictment—including the fact that the alleged conduct occurred in Utah).

4

defendants could successfully petition to have their guilty pleas set aside based solely on a showing that they never expressly admitted the truth of the facts alleged in the indictment. This proposition is directly at odds with binding Tenth Circuit authority.[18] And none of the cases the government cites in its motion undermine that authority, because none of those cases say that that Rule 11 (or any other rule, for that matter) requires defendants to both plead guilty *and* separately and expressly admit their guilt.[19] Indeed, one of those cases says just the opposite.[20]

Nevertheless, the government insists that even if Mr. Kearn expressly says he is *pleading* guilty, he must also expressly (1) say "he *is* 'guilty'" and (2) "admit[] his

---

[18] *See, e.g.*, *United States v. Wade*, 940 F.2d 1375, 1378–79 (10th Cir. 1991) (holding that the defendant wasn't entitled to withdraw his guilty plea—even though he never expressly admitted the truth of the facts alleged in the indictment—where (1) the indictment was read in open court; (2) the district court then asked the defendant how he wished to plead; and (3) the defendant answered, "[G]uilty").

[19] *See United States v. Broce*, 488 U.S. 563, 570–71 (1989) (holding that a defendant who pleads guilty to two counts of an offense thereby admits to "commit[ing] two separate crimes"); *Brady v. United States*, 397 U.S. 742, 755 (1970) (holding that a guilty plea isn't invalid just because the defendant entered it in order to avoid the death penalty); *McMann v. Richardson*, 397 U.S. 759, 766, (1970) (holding that a guilty plea isn't invalid just because "counsel may have misjudged the admissibility of the defendant's confession"); *McCarthy v. United States*, 394 U.S. 459, 461–71 (1969) (finding a Rule 11 violation where the defendant expressly denied harboring the requisite intent *and* the district court failed to ensure that the defendant understood such intent was an element of the charged offense); *United States v. Allen*, 24 F.3d 1180, 1183 (10th Cir. 1994) (explaining that because a defendant who pleads guilty admits "all of the factual and legal elements necessary to sustain" a conviction, a valid guilty plea "foreclose[s]" any subsequent challenges that are inconsistent with such an admission); *United States v. Kelsey*, 15 F.3d 152, 153 (10th Cir. 1994) ("A plea of guilty is the equivalent of admitting all material facts alleged in the charge."); *United States v. Crockett*, 812 F.2d 626, 629 (10th Cir. 1987) (holding that although entering a guilty plea *does* admit all facts alleged in the indictment, it does *not* admit the truth of any uncharged facts).

[20] *See Brown* 164 F.3d at 521–22 (holding that because the defendant's guilty plea itself "admitted all material allegations" in the indictment, the fact that the defendant didn't *also* separately and expressly admit the truth of each allegation was "inconsequential").

factual and legal guilt."[21] Otherwise, the government warns, Mr. Kearn will be entering an *Alford* or no-contest plea rather than an ordinary guilty plea.[22]

But as the government acknowledges, an *Alford* plea isn't an ordinary guilty plea *minus* an express admission of actual guilt. It's an ordinary guilty plea *plus* an express protestation of actual innocence.[23] So unless Mr. Kearn insists on expressly proclaiming his actual innocence at the plea hearing, the fact that Mr. Kearn does not expressly admit his actual guilt won't transform his ordinary guilty plea into an *Alford* guilty plea.

Nor will it transform it into a no-contest plea. There's no indication that Mr. Kearn will request or receive this Court's Rule 11(a)(3) approval before entering his plea. And there's every indication that this Court will require Mr. Kearn's plea to have a Rule 11(b)(3) factual basis. The plea that Mr. Kearn anticipates entering will therefore bear all the hallmarks of a guilty plea and none of the hallmarks of a no-contest one.[24]

In its final bid for reconsideration, the government says that if this Court accepts Mr. Kearn's guilty plea without ensuring that he understands the legal significance of such a plea—i.e., that a guilty plea constitutes an admission of both

---

[21] Doc. 211 at 11 (emphasis added).

[22] *Id.*

[23] *See id.* at 9–10; *North Carolina v. Alford*, 400 U.S. 25, 28, 33, 38 (1970); *United States v. Mancinas-Flores*, 588 F.3d 677, 681 (9th Cir. 2009).

[24] *See* Fed. R. Crim. P. 11(a)(3) (requiring consideration and approval for no-contest pleas, but not guilty pleas); Fed. R. Crim. P. 11(b)(3) (requiring a factual basis for guilty pleas, but not no-contest pleas); *cf. Blohm*, 994 F.2d at 1553–55 (rejecting the notion that defendants can unilaterally evade Rule 11(a)(3)'s consideration-and-approval requirements merely by professing their innocence; explaining that nothing in Rule 11 "sanctions this distortion of the pleading process").

6

legal and factual guilt—then Mr. Kearn's plea will be invalid.[25] But the government doesn't identify where this Court's original order suggests otherwise. And counsel for Mr. Kearn has been unable to independently locate such a statement. Thus, the government's concerns appear to be misplaced, or at least premature. In any event, Mr. Kearn has no objection to the Court advising him that a guilty plea is the equivalent of a legal and factual admission of guilt.

### 3. Clarification is unnecessary.

The government also requests clarification on two points.[26] As to the first one, this Court's order accurately and unambiguously reflects that if the Court uses the acknowledgment-of-the evidence method to establish the requisite Rule 11(b)(3) factual basis, Mr. Kearn's underlying acknowledgment will not serve as a makeweight for the guilty plea itself. Rather, Mr. Kearn will also have to expressly state that he is, in fact, pleading guilty.[27] As to the second point, this Court's order accurately and unambiguously reflects that if Mr. Kearn expressly states he is pleading guilty, he need not *also* (a) expressly state that he is guilty *or* (b) expressly admit his factual and legal guilt.[28] Although Mr. Kearn has no objection to the Court clarifying as much, he therefore believes such clarification is unnecessary.

---

[25] Doc. 211 at 10–11.

[26] *Id.* at 12–13. The government actually asks three questions. But the second question wholly subsumes the third. *Compare id.* at 12 ¶2, *with id.* at 13 ¶3.

[27] *See* Doc. 210 at 34 (recognizing that there must be *both* an actual guilty plea *and* a factual basis for that plea).

[28] *See id.* at 22 ("[T]he law doesn't require defendants to admit the facts."); *id.* at 32 (noting that although Mr. Kearn objected to expressly admitting the facts, this wasn't an "objection to the fact of the guilty plea"); *id.* at 34 (rejecting the assertion that Mr. Kearn couldn't plead guilty unless he expressly "admit[ed] his guilt"; explaining that although Mr. Kearn would have been unable to say he "*was* . . . guilty," he nevertheless would have been able to "*plead* guilty" (emphases added)).

7

Respectfully submitted,

s/ Lydia Krebs
LYDIA KREBS, #22673
Assistant Federal Public Defender
850 Epic Center, 301 N. Main
Wichita, KS 67202
Phone: 316/269-6445
Fax: 785/232-9886
lydia_krebs@fd.org

s/ Kirk Redmond
KIRK C. REDMOND, #18914
First Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
kirk_redmond@fd.org

CERTIFICATE OF SERVICE

I certify that on 09/28/2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/ Lydia Krebs
LYDIA KREBS, #22673

8