## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-40057-01-DDC |
| JONATHAN KEARN, | |
| Defendant. | |

## MEMORANDUM AND ORDER

In a Memorandum and Order dated January 4, 2022, the court found that defendant Jonathan Kearn had received ineffective assistance of counsel in the plea-bargaining process, thus violating his Sixth Amendment rights. *See generally* Doc. 210. And so, the court granted, in part, Mr. Kearn's motion under 28 U.S.C. § 2255. *Id.* Before the court now is the government's Motion for Reconsideration and Clarification (Doc. 211) of that Order. Mr. Kearn has filed a Response (Doc. 212). For reasons explained below, the court denies the government's motion.

Motions for reconsideration are appropriate only where there is: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* Such a motion isn't an appropriate vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

The court assumes familiarity with its January 4 Order (Doc. 210) determining that Mr. Kearn had received ineffective assistance of counsel.  But, in short form, the court concluded that (1) Mr. Kearn had received deficient advice from his trial counsel when he rejected the government's plea offer under Fed. R. Crim. P. 11(c)(1)(C) and proceeded to trial; and (2) that trial counsel's deficient advice prejudiced him.  Specifically, the court concluded that Mr. Kearn demonstrated a reasonable probability that had he received effective advice, he would have accepted the government's plea offer and pleaded guilty in a very narrow circumstance.  That is, "he could have acknowledged the government had evidence to convict him at trial"—supplying a factual basis for his guilty plea under Fed. R. Crim. P. 11(b)(3).  Doc. 210 at 34.  And then, "after making that statement, he would have been willing to plead guilty." *Id.* (quotation cleaned up).  In other words, he would've entered a guilty plea in open court.

The government's motion trains its fire on that conclusion from the court's Order.  In the government's view, the court's Order allows "a defendant's acknowledgement that the government has the evidence to prove him guilty" to serve as a substitute—a "makeweight," the government calls it—for a guilty plea.  Doc. 211 at 5.  The government argues that, if its reading of the court's Order is correct, then the court "has clearly erred." *Id.*  But, the government concedes, perhaps it "has misperceived the import" of the court's Order. *Id.* at 12.  In that case, the government asks the court to answer three specific questions.  In general, the government's questions ask whether it is correct in its reading of the court's Order and whether the court will (or won't) allow specific actions during future proceedings in this case. *See id.* at 12–13.[1]

---

[1]     The government's questions are:

1.  Does this Court's order hold that a defendant's agreement that the government has the evidence to prove him guilty—for purposes of establishing the factual basis for the plea under Rule 11(b)(3)—is itself a guilty plea, a makeweight for a guilty plea, or an adequate basis upon which this Court may enter a guilty plea on a defendant's behalf?

One properly could restyle the government's request for answers about future proceedings as a "Motion for an Advisory Opinion."  But, of course, Article III forbids federal courts from providing advisory opinions.  *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)).  The court thus denies the government's request for clarification in the form of answers to three questions that haven't presented themselves yet.

But—so that it is clear—the court never has indicated that supplying a factual basis for a guilty plea may serve as a substitute (or a makeweight) for the guilty plea itself.  And if the government reads the court's Order in that fashion, its reading is incorrect.  As Mr. Kearn noted in his papers, such a reading incorrectly "conflates the issue of whether there's a factual basis for a guilty plea with the issue of whether there's a guilty plea at all."  Doc. 212 at 3.  The court's Order distinguished between those two important steps that occur during a change of plea hearing.  To drive home the point, the court concluded previously that: (1) had Mr. Kearn acknowledged the government had the evidence to convict him *and then*, (2) "after making that statement" separately entered a guilty plea, there's a reasonable probability the court would've accepted his guilty plea.  Doc. 210 at 34 (quotation cleaned up).  Accepting a guilty plea in this scenario in no way authorizes the factual basis for a plea to serve as a substitute for the guilty plea itself.

---

2.  Does this Court's order as to remedy contemplate that Defendant may enter a guilty plea to Count 3 without both (a) saying that he is "guilty" and (b) admitting his factual and legal guilt as to the acts described in Count 3?

3.  If, at any future plea hearing, if Defendant says that he is guilty but refuses to admit his factual and legal guilt of the acts described in Count 3, will the Court accept his guilty plea?

Doc. 211 at 12–13.

The guilty plea is an independent act with its own legal consequences separate and apart from the factual basis for the guilty plea.  As the government correctly stresses, "a guilty plea is an admission of all the elements of a formal criminal charge[.]"  *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *see also United States v. Kelsey*, 15 F.3d 152, 153 (10th Cir. 1994) ("A plea of guilty is the equivalent of admitting all material facts alleged in the charge."); *United States v. Allen*, 24 F.3d 1180, 1183 (10th Cir. 1994) (explaining that "a counseled and voluntary guilty plea admits both the acts described in the indictment and the legal consequences of those acts" (footnote omitted)).  No matter who supplies the factual basis for the plea and no matter how they supply it, a defendant, to plead guilty, still must enter a guilty plea.  It's axiomatic.  *See United States v. Wade*, 940 F.2d 1375, 1377–78 (10th Cir. 1991) (noting that a defendant's guilty plea "made with an understanding of the nature of the charges and the consequences of pleading guilty, was a voluntary admission of all of the allegations in the indictment" where (1) defendant equivocated in admitting the factual basis for the plea, but conceded "he had no evidence to contravene the government's evidence of guilt[;]" (2) the indictment was read in open court and defendant "understood the charge" after conferring with counsel; and (3) when the court asked defendant how he wished to plead, defendant answered "guilty").  This premise—that the factual basis for the guilty plea and the guilty plea itself are distinct components of a plea hearing— underlie Mr. Kearn's § 2255 motion, his testimony at the evidentiary hearing, and the court's Order.  *See* Doc. 210 at 34–35.  To the extent the government reads the Order otherwise, its reading is incorrect.

Having determined that the government indeed has "misperceived the import" of the court's Order, Doc. 211 at 12, the court concludes there's nothing left to reconsider.  The government hasn't demonstrated that the court's Order "misapprehended the facts, a party's

position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012.  And, to the extent

the government's motion tries to resurrect arguments about Mr. Kearn's hypothetical guilty plea,

the court rejects such attempts.  Reconsideration motions are inappropriate vehicles "to revisit

issues already addressed[.]"  *Id.*; *see* Doc. 210 at 34–35 (rejecting the government's argument

that Mr. Kearn couldn't enter a guilty plea because the government "ignore[d]" Mr. Kearn's

testimony that he would have entered a guilty plea "as long as the plea hearing played out in the

narrow circumstances [he] describe[d]").

      **IT IS THEREFORE ORDERED BY THE COURT THAT** the government's Motion

for Reconsideration and Clarification (Doc. 211) is denied.

      **IT IS FURTHER ORDERED BY THE COURT THAT** the court will conduct a Status

Conference in the case on Thursday, February 3, 2022, on its 1:30 p.m. docket in Kansas City,

Kansas.  The court sets this conference as an in-person hearing but will convert it to a video

conference if the parties agree.

      **IT IS SO ORDERED.**

      **Dated this 27th day of January, 2022, at Kansas City, Kansas.**

                                  **s/ Daniel D. Crabtree**
                                  **Daniel D. Crabtree**
                                  **United States District Judge**