Filed in Open Court

01/12/2023

Skyler B. O'Hara

By _____ M. Ganett

Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **Case No. 13-40057-DDC** |
| JONATHAN KEARN, | |
| **Defendant.** | |

## PLEA AGREEMENT PURSUANT TO FEDERAL RULE
## OF CRIMINAL PROCEDURE 11(c)(1)(C)

The United States of America, by and through Assistant United States Attorney Christine E. Kenney, and Jonathan Kearn, the defendant, personally and with his counsel, Lydia Krebs and Kirk Redmond, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1.     **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count 3 of the Indictment charging a violation of 18 U.S.C. § 2252(a)(4)(B), that is, Possession and Access with Intent to View Child Pornography.  Specifically, Count 3 charges that on May 7, 2013, in the District of Kansas, the defendant knowingly possessed and accessed with intent to view at least one visual depiction involving a minor engaging in sexually explicit conduct, and such visual depiction had traveled in interstate or foreign commerce.  By entering into this plea agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense.  The defendant understands that the maximum sentence which may be imposed as to Count 3 of the Indictment to which he has agreed to plead guilty is not more than 10 years of imprisonment, a $250,000.00 fine, not less than 5 years and not more than life of supervised release, and a $100.00

Ver. 17-09

mandatory special assessment.  The defendant further agrees to forfeit property or money to the

United States, as agreed.

2.     **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

The trial evidence is summarized in *United States v Kearn,* 863 F.3d 1299 (10th Cir. 2017)
as follows and is adopted by the parties for satisfaction of the factual basis:

> Detective Sergeant Stuart Butler, a police investigator in Australia, operated an
> undercover online persona that purports to trade in child pornography in order to
> help catch perpetrators.  In 2013, "cheyenneandliberty@yahoo.com" began an e-
> mail exchange with Detective Butler, during which "cheyenneandliberty" sent
> several images of young girls later identified as [the defendant's, Jonathan] Kearn's
> daughters.  In most of the pictures the girls were clothed, but one of the images
> showed the genitals of Kearn's youngest, four-and-a-half year old daughter.
> "Cheyenneandliberty" also sent Detective Butler a link to three explicit videos of
> young girls who were not Kearn's daughters.  In these e-mails,
> "cheyenneandliberty" described himself as a thirty-eight year old from Kansas, and
> a single father to four daughters: a four-and-a-half year old, two ten-year-old twins,
> and a thirteen year old.  When Detective Butler asked him for a family photo,
> "cheyenneandliberty" sent him a photograph of Kearn standing with three of his
> daughters.

> Detective Butler looked at the data embedded in the digital images, which shows
> when they were taken and the device used to take them.  The data showed the
> explicit images were taken with an iPhone 4s shortly before "cheyenneandliberty"
> sent the e-mails.  This fact indicated to Detective Butler that "cheyenneandliberty"
> was not merely sending images he found on the internet, but taking the images
> himself.  He therefore referred the exchange to the U.S. Department of Homeland
> Security.

> Investigators found the IP address used to send some of the images was associated
> with Kearn's Kansas home address.  Kearn's age, family situation, and location
> matched the description given by "cheyenneandliberty."  Investigators executed a
> search warrant at Kearn's house.  Kearn's daughters were present, and the
> investigating agent, Special Agent Cassidy Casner, recognized the girls from the
> images sent to Detective Butler.  Investigators seized Kearn's iPhone 4s—the same
> model that had taken the photographs—and footage from his home security system.

> When Agent Casner reviewed the home security footage, it corroborated the e-
> mails sent to Detective Butler and the embedded data from the images.  That is, the
> footage confirmed that Kearn was using his phone when the e-mails were sent;
> Kearn was with his daughters when the pictures were taken; and the daughters were
> wearing the same clothes shown in the pictures on the dates the pictures were taken.

. . .

At trial, in addition to the home security footage and the e-mail exchange with Detective Butler, the government presented the expert testimony of Special Agent Craig Beebe, who specializes in forensic examinations of electronic evidence. Agent Beebe testified that Kearn's iPhone contained explicit images of young girls, evidence of the "cheyenneandliberty" e-mail address, and two videos of Kearn's youngest daughter naked with Kearn's voice in the background. Agent Beebe also found one of the images e-mailed to Detective Butler on the iPhone. On Kearn's computer, Agent Beebe found further evidence of "cheyenneandliberty," the website through which Detective Butler's undercover persona was contacted, and "ProudPapa," a nom de plume used in the e-mails with Detective Butler.

Kearn testified at trial. He admitted he had taken the explicit photo and videos of his youngest daughter. . . .

863 F.3d at 1303-1304.

The explicit images located on the defendant's iPhone 4s included the videos of the defendant's youngest daughter as well as images in the password protected application depicting lascivious displays of the genital area of unidentified minor females.

The following items were used or intended to be used to commit or to promote the commission of Count 3, Possession and Access with intent to view child pornography: Black iPhone 4S

3.     **Proposed Rule 11(c)(1)(C) Sentence.**   The parties propose, as an appropriate

disposition of the case:

(a)     120 months in prison on Count 3, 18 U.S.C. § 2252(a)(4)(B);

(b)     5 years of supervised release; and,

(c)     the mandatory special assessment of $100.00.

The parties seek this binding plea agreement as an appropriate disposition of the case, because if

the Court permits itself to be bound by the proposed sentence, it brings certainty to the sentencing

process; it assures that the defendant and the government will benefit from the bargain they have

struck; it serves the interests of justice; and it assures a sentence consistent with the sentencing

factors of 18 U.S.C. § 3553(a).  If the Court does not agree with the sentence, the defendant and

United States may be restored to the positions they maintained prior to reaching this plea

Agreement. This plea agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, defense, United States Probation Office, United States Marshals' Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the advisory sentencing guidelines. Because this proposed sentence is sought pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States agrees to dismiss the remaining counts of the Indictment at the time of sentencing and agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment. Specifically, the United States will dismiss Counts 1 and 2 of the Indictment (Doc. 15).

6. **Consequences for Violating the Plea Agreement.** The United States' obligations under this plea agreement are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this plea agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this plea agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in

4

additional criminal conduct; or (4) has otherwise failed to adhere to this plea agreement's terms, this plea agreement will be deemed null and void, and the United States may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this plea agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings.  The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this plea agreement.

7.  **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.**  The Court has no obligation to accept the proposed plea agreement and sentence.  It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

8.  **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.**  If the Court agrees to be bound by the proposed plea agreement and sentence, the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.  If the Court announces that it will NOT be bound by the proposed plea agreement, the parties agree that at that time either party may withdraw the proposed plea agreement, and if either does so, then all parties will be restored to the positions they were in prior to the entry of the defendant's plea.  If neither party elects to withdraw the proposed plea agreement at the time the Court announces that it will not be bound,

and before the Court proceeds with sentencing, then the parties shall be bound by all the terms of the proposed plea agreement and the defendant will not be permitted to withdraw his guilty plea.

9. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States: Black iPhone 4s. The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Count 3. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding forfeiture of the property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this

prosecution, his conviction, or the components of the sentence to be imposed herein, including restitution, monetary assessments, and the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C). However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12.    **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13.     **Waiver of Claim for Attorney's Fees.**  The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

14.     **Full Disclosure by United States.**  The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case.  This may include information concerning his background, character, and conduct, including the entirety of his criminal activities.  The defendant understands these disclosures are not limited to the count to which he is pleading guilty.  The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement.  The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

15.     **Megan's Law/Adam Walsh Act Notice.**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  Likewise, the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended

travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16.    **Parties to the Agreement.**  The defendant understands this plea agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

17.    **No Other Agreements.**  The defendant has had sufficient time to discuss this case, the evidence, and this plea agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided.  Further, the defendant acknowledges that he has read the plea agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion.  The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this plea agreement embodies each and every term of the agreement between the parties.

18.    The defendant acknowledges that he is entering into this plea agreement and is pleading guilty because he is guilty.  He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

Date: 1.9.2023

Christine E. Kenney
Assistant United States Attorney

Date: 1.9.23

Jared S. Maag
Supervisor

BY DESIGNATION                                    Date: 1.9.23
Carrie N. Capwell
Criminal Chief

Date: 1-12-23

Jonathan Kearn
Defendant

Date: 1-12-23

Lydia Krebs, #22673
Assistant Federal Public Defender
301 N. Main
Wichita, KS 67202
Phone:  (316) 269-6445
Counsel for Defendant

Date: 1-12-23

Kirk C. Redmond, #18914
Assistant Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: (785) 232-9828
Fax: (785) 232-9886
Counsel for Defendant